## HY–YU–TSE–MIL–KIN. v. SMITH.

### (Circuit Court of Appeals, Ninth Circuit.   October 6, 1902.)

### No. 766.

1. INDIANS—SUITS FOR ALLOTMENT OF LANDS—SPECIAL JURISDICTION OF CIR-
CUIT COURT.

Act Aug. 15, 1894 (28 Stat. 305), confers on a circuit court of the United States jurisdiction to decree relief to an Indian, entitled under the law to an allotment of certain lands, of which right he has been deprived by the rulings of the land department.

2. SAME—PARTIES.

The provision of such act, that the decree of the court in favor of a claimant in a suit brought thereunder shall have the same effect as an allotment allowed and approved by the secretary of the interior, is in effect a consent upon the part of the United States to be bound by such decree; and, where the suit involves simply a question of priority of right between two claimants, the United States is not a necessary party.

3. SAME—EQUITIES BETWEEN ALLOTTEES—PRIORITY OF SELECTION AND IMPROVE-
MENT.

It was the intention of congress by Act March 3, 1885 (23 Stat. 340), providing for the allotment of lands in severalty to members of the Walla Walla and other Indian tribes, which gave them the right to select the land they wished allotted to them, that, where more than one person selected the same land, the allotment should be made with reference to priority of selection, residence, and improvement, in accordance with the principle which has always been recognized in the disposition of public lands; and an Indian woman of the tribe, who selected and improved land with the consent of the tribal authorities, but whose right to an allotment was erroneously denied by the land department, cannot be deprived of her prior right to the land, so selected and improved, after such ruling has been reversed, by the fact that it had been subsequently allotted to another member of the tribe, who was put in possession, but who had full knowledge of her claim; nor is she estopped to assert her preferred right by the fact that she afterwards accepted a different allotment, with the understanding and on the assurance of the agent that it would not prejudice her right to claim that selected.

4. SAME—RIGHT TO ALLOTMENT—RESIDENCE ON RESERVATION.

Complainant, who was a full-blooded Indian woman of the Walla Walla tribe, did not forfeit her right to an allotment of land in severalty under Act March 3, 1885 (23 Stat. 340), because at the time the census list of those entitled to allotments was made up she was residing with her family outside the reservation, but on lands which members of the tribe were accustomed to occupy for hunting, fishing, or pasturage purposes, and which they were given the right to so occupy by treaty with the United States.

Appeal from the Circuit Court of the United States for the District of Oregon.

John H. Hall, U. S. Atty., for appellant.

R. J. Slater and J. T. Hinkle, for appellee.

Before GILBERT, Circuit Judge, and HAWLEY and DE HAVEN, District Judges.

DE HAVEN, District Judge.   This is a suit in equity.   The complainant is a full-blooded Indian woman, and a member of the Walla Walla band of Indians, residing in the state of Oregon.   The prayer of the bill is that an allotment of a certain quarter section of land,

part of the Umatilla Indian reservation, made to the defendant, be canceled, and for a decree that the complainant was and is entitled to have said land allotted to her under the act of congress of March 3, 1885 (23 Stat. 340), providing for the allotment of lands in severalty to the Indians residing upon the Umatilla reservation in the state of Oregon. The decree of the circuit court was in favor of the complainant (100 Fed. 60), and from this decree the defendant has appealed.

1. The appellant contends that the circuit court was without jurisdiction of the cause; that under section 6 of the act of congress of March 3, 1885 (the act above referred to), the action of the secretary of the interior in making the allotment of the land in controversy was final, and cannot be made the subject of review in the courts. We are of the opinion, however, that the action was properly brought under the act of August 15, 1894 (28 Stat. 305), which provides:

"That all persons who are in whole or in part of Indian blood or descent who are entitled to an allotment of land under any law of congress, or who claim to be so entitled to land under any allotment act or under any grant made by congress, or who claim to have been unlawfully denied or excluded from any allotment or any parcel of land to which they claim to be lawfully entitled by virtue of any act of congress, may commence and prosecute or defend any action, suit or proceeding in relation to their right thereto, in the proper circuit court of the United States. And said courts are hereby given jurisdiction to try and determine any action, suit, or proceeding arising within their respective jurisdictions, involving the right of any person, in whole or in part of Indian blood or descent, to any allotment of land under any law or treaty. And the judgment or decree of any such court in favor of any claimant to an allotment of land shall have the same effect, when properly certified to the secretary of the interior, as if such allotment had been allowed and approved by him. * * *"

This language is certainly broad enough to confer upon the circuit court jurisdiction to hear and determine the complaint of any person who is "in whole or in part of Indian blood," who claims "to have been unlawfully denied or excluded from any allotment or parcel of land" to which such person claims "to be lawfully entitled by virtue of any act of congress," and such is the nature of the bill filed by the complainant in this action.

2. The United States is not a necessary party to the suit. The matter in dispute here is between individuals, and involves simply a question of private right. We cannot see any necessity for making the United States a party to such an action, in the absence of a statute requiring that it shall be done. In answer to the suggestion that the United States is interested in the question to whom the land in controversy shall be allotted, and unless made a party to the action will not be bound by the decree, it is sufficient to say that the United States has, by the statute from which the above quotation is made, provided that a controversy of this character may be determined by an appropriate action in the circuit court, and that the decree therein shall have the same effect as an allotment allowed and approved by the secretary of the interior. An allotment made by or under the direction of the secretary of the interior entitles the allottee to a patent for the land allotted to him. Section 1, Act March 3, 1885

(23 Stat. 340). The provision in the statute that the decree of the court in an action like this shall have the same effect as an allotment made by the secretary of the interior gives to the successful party the right to a patent for the land allotted to him by the decree, and is in effect a consent upon the part of the United States to be bound by such decree and to issue its patent in accordance therewith.

3. We now proceed to inquire whether the decree of the circuit court is right upon the merits. The complainant is an Indian woman of full blood, a member of the Walla Walla tribe of Indians. In the year 1887 she, with the consent of the chiefs of the Walla Walla and Cayuse Indians, selected the land in controversy with the intention of having the same allotted to her under the act of March 3, 1885 (23 Stat. 340), and she and her husband improved it by the erection thereon of a granary and two barns, and also inclosed it, together with other lands selected by her for her family. The total value of these improvements, when made, was about $700. The land was allotted to defendant in the year 1891. He did not have possession thereof at the time, or any improvements thereon. When the allotment was made the complainant was in possession of the land in controversy, although she and her family were actually residing upon other land, with which it was inclosed. Prior to its allotment to defendant, the complainant requested the commissioners appointed for the purpose of making allotments of land on the Umatilla reservation to allot the same to her; but they refused so to do because her name was not upon the census list of persons entitled to an allotment, and this action was approved by the depeartment of the interior. It also appears that the census list was completed on June 7, 1887, and complainant was at that time living outside of the reservation upon lands which members of her tribe had been accustomed to occupy for hunting and fishing, and she did not take up her actual residence upon the reservation until shortly after the census was taken. At the time of receiving the allotment of the land in controversy, the defendant had notice of all these matters. The complainant continued in possession of said land until the fall of 1896, when she removed therefrom in obedience to orders given her by the Indian agent in charge of the Umatilla Indian reservation. In April, 1897, the secretary of the interior decided that complainant was entitled to an allotment of land on the Umatilla Indian reservation, and in pursuance of that decision certain lands were allotted to her, and she accepted the same, after being informed by the Indian agent that in his opinion such acceptance would not prejudice her right to the land in controversy. Since that time she has leased a portion of the land so allotted to her and received a stipulated rent therefor. Upon these facts we entertain no doubt of the justice of the decree of the circuit court. Under the act of congress of March 3, 1885 (23 Stat. 340), it is provided that:

"All allotments to heads of families, and to children under eighteen years of age belonging to families, shall be made upon selections made by the heads of the family, and allotments to persons over eighteen years of age not classed as heads of families, shall be made upon the selection of such persons."

Section 6 of the act further provided that the secretary of the interior should "have power to determine all disputes and questions arising between Indians respecting their allotments." The statute conferred upon the Indians the right of selecting the land which they wished to have allotted to them; and, if there is only one claimant to a tract, such claimant is entitled to receive an allotment thereof. If, however, more than one person makes selection of the same tract, we think it was the intention of congress that the allotment should be made with reference to priority of selection, residence, and improvements. This is the principle by which the government has always been governed in the disposal of its public lands. Shepley v. Cowan, 91 U. S. 330, 23 L. Ed. 424. And, although the statute does not expressly so declare, we have no doubt that it must be so interpreted as to make it the duty of the secretary of the interior, in determining disputes and questions arising between Indians respecting their allotments, to proceed upon this principle. The complainant was, therefore, by reason of her selection of the same, and prior possession and improvements thereon, equitably entitled to have the land in controversy allotted to her; and the only reason why her right was not recognized by the secretary of the interior was because she was not residing upon the reservation when the commission appointed for that purpose made up the list of those entitled to take lands in severalty. This was an erroneous view of the law. Under the treaty of June 9, 1855, made with the Walla Walla, Cayuse, and Umatilla Indian tribes (12 Stat. 945), the privilege of hunting, gathering roots and berries, and pasturing their stock on unclaimed lands, in common with citizens, and to fish in the streams bordering on the reservation, in which they had been accustomed to fish, was reserved to the Indians; and the complainant did not forfeit her right to an allotment by living with her family upon lands which her tribe had been accustomed to occupy. She was upon the reservation, and in possession of the land in controversy, and had selected the same, before it was claimed by or allotted to defendant; and more was not required of her in order to give her an equitable right thereto as against him. In denying her right to the allotment claimed by her, the secretary of the interior committed an error of law, which can be corrected by a court of equity, in accordance with the rule declared in Johnson v. Towsley, 13 Wall. 78, 20 L. Ed. 485, Moore v. Robbins, 96 U. S. 530, 24 L. Ed. 848, and Shepley v. Cowan, 91 U. S. 340, 23 L. Ed. 424.

Nor is the complainant estopped from maintaining this action by the subsequent action of the government in allotting other lands to her. She accepted the allotment made to her upon the assurance of the Indian agent in charge of the reservation that her claim to the land in controversy would not be prejudiced thereby. No patent has been issued for the land so allotted to her, and no further action on her part is necessary in order to authorize the government to cancel such allotment. Certainly the defendant has been in no wise injured by this subsequent action of the complainant. If she had accepted the land allotted to her in satisfaction of her claim under the treaty and act of congress, a different question would be presented.

The decree of the circuit court is affirmed.