**HURLEY, Acting Postmaster, v. DOLAN.**

(Circuit Court of Appeals, First Circuit. April 10, 1924.)

No. 1616.

Postoffice ⊜⊃35—Sale of lucky stones through mails not fraudulent.

    Sale through mail of so-called lucky stones, believed by some persons to affect wearer's fortune, is not fraudulent, when they are sold for what they are, without any falsehood or misrepresentation.

Appeal from the District Court of the United States for the District of Massachusetts; James M. Morton, Jr., Judge.

Suit in equity by Helen F. Dolan against William E. Hurley, Acting Postmaster. From a decree (283 Fed. 695) granting an injunction, defendant appeals. Plaintiff dying, her administrator, Annie Dolan, appears in her stead. Affirmed.

John V. Sullivan, Asst. U. S. Atty., of Boston, Mass. (Robert O. Harris, U. S. Atty., of Boston, Mass., and Horace J. Donnelly, Asst. Solicitor for Post Office Department, of Washington, D. C., on the brief), for appellant.

Florian G. Arey, of Boston, Mass., for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is an appeal from a decree enjoining the postmaster at Boston, Mass., from executing a fraud order dated December 23, 1918, issued to him by the Postmaster General under sections 3929 and 4041 of the Revised Statutes, as amended by sections 2 and 3 of the Act of September 19, 1890, c. 908, 26 Stat. 466 (Comp. St. §§ 7411, 7573), and by section 4 of the act of March 2, 1895, c. 191, 28 Stat. 963 (Comp. St. § 7412).

The order reads as follows:

"It having been made to appear to the Postmaster General, upon evidence satisfactory to him, that H. F. Dolan, at 276 Tremont street, Boston, Massachusetts, is engaged in conducting a scheme or device for obtaining money through the mails by means of false and fraudulent pretenses, representations and promises, in violation of the act of Congress entitled 'An Act to amend certain sections of the Revised Statutes relating to lotteries, and for other purposes,' approved September 19, 1890, said evidence being more fully described in the memorandum of the Solicitor for the Post Office Department of the date of December 20, 1918, and by authority vested in the Postmaster General by said act, and by the act of Congress entitled 'An act for the suppression of lottery traffic through international and interstate commerce and the postal service, subject to the jurisdiction and laws of the United States,' approved March 2, 1895, the Postmaster General hereby forbids you to pay any postal money order drawn to the order of said party and you are hereby directed to inform the remitter of any such postal money order that payment thereof has been forbidden, and that the amount thereof will be returned upon the presentation of the original order or a duplicate thereof applied for and obtained under the regulations of the department.

"And you are hereby instructed to return all letters, whether registered or not, and other mail matter which shall arrive at your office directed to the said parties to the postmasters at the offices at which they were originally mailed, to be delivered to the senders thereof, with the words 'Fraudulent:

⊜⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Mail to this address returned by order of Postmaster General' plainly written or stamped upon the outside of such letters or matter. Where there is nothing to indicate who are the senders of letters not registered or other matter, you are directed to send such letters and matter to the Division of Dead Letters with the words 'Fraudulent: Mail to this address returned by order of· Postmaster General' plainly written or stamped thereon, to be disposed of as other dead matter under the laws and regulations applicable thereto.

"A. S. Burleson, Postmaster General.
"To the Postmaster, Boston, Massachusetts."

In the District Court there was no dispute about the facts. The case was submitted upon an agreed statement and the District Judge states the facts as follows:

"One Rand sold 'lucky stones' under various representations as to their powers, scarcity and value, which were false and fraudulent. He was convicted and sentenced for carrying on a scheme to defraud by the use of the mails; a fraud order was also issued against him by the Postmaster General. After his release from prison he sold his business to the complainant, who had been in his employ. It is carried on at the same place; both of them still work there; the claim of the complainant is that Rand is employed by her. The complainant sells lucky stones and advertises them by circulars, which in size, shape and general appearances closely resemble those formerly used by Rand. But the reading matter in them has been radically changed. None of the false representations which were contained in Rand's circulars and formed the basis of the criminal prosecution and fraud order against him are made by the complainant. The complainant's business was investigated by post office inspectors; and upon a report by them and a memorandum by the Solicitor of the Department, the Postmaster General issued a fraud order against the complainant, without any notice to her and without giving her a chance to be heard. * * * In the memorandum of the· Solicitor, dated December 20, 1918, Rand's former business which was suppressed is described as 'the selling of (lucky stones) through the mails by means of false and fraudulent pretenses, representations and promises.' There are also findings 'that this business [the complainant's] is in substance the same business as that which a fraud order of July 21, 1915, was designed to suppress, and is therefore a scheme for obtaining money through the mails by means of false and fraudulent pretenses, representations and promises' (Memo. Sol. Dec. 20, 1918), and that 'the representations used, while guardedly worded, are in substance and effect the same as those used for the purpose of selling these stones prior to Rand's prosecution' (Id.)."

The District Court finds that:

"A comparison of the Rand circular and the Dolan circular shows that these findings are erroneous; * * * that none of the false representations which were contained in Rand's circulars and formed the basis of the criminal prosecution and fraud order against him are made by the complainant; * * * that no false statement or representation is made by the complainant in her advertising; that the testimonials appear to be genuine; that the Dolan circular is designed to sell lucky stones, and does so without falsehood or misrepresentation; that there is nothing immoral in the belief that gems or amulets affect the wearer's fortunes; that if the complainant wishes to sell lucky stones for what they are; without lying about them, she is not acting fraudulently in so doing."

We think the facts set out in the agreed statement show that the conclusion reached by the Postmaster General was clearly wrong and that the decree of the District Court should be sustained. The difficulty with the conclusion of the Postmaster General was due to the erroneous statements contained in the memorandum of the Solicitor as to the contents of the complainant's circulars and upon which his con-

clusion was based. Had the complainant's circulars been produced before him or the memorandum correctly stated their contents, no other conclusion could reasonably have been reached than the one arrived at by the District Court. School of Magnetic Healing v. McAnnulty, 187 U. S. 94, 111, 23 Sup. Ct. 33, 47 L. Ed. 90; Public Clearing House v. Coyne, 194 U. S. 497, 508, 515, 516, 24 Sup. Ct. 789, 48 L. Ed. 1092; Smith v. Hitchcock, 226 U. S. 53, 33 Sup. Ct. 6, 57 L. Ed. 119; Milwaukee Social Democratic Pub. Co. v. Burleson, 255 U. S. 407, 41 Sup. Ct. 352, 65 L. Ed. 704; Leach v. Carlile, 258 U. S. 138, 140, 42 Sup. Ct. 227, 66 L. Ed. 511.

The decree of the District Court is affirmed.