**EASTMAN et al. v. UNITED STATES et al.**
**No. 45.**

District Court, W. D. Washington, S. D.
Aug. 26, 1939.

808

W. A. Ackerman, of Aberdeen, Wash., for plaintiffs.

J. Charles Dennis, U. S. Atty., and Oliver Malm, Asst. U. S. Atty., both of Tacoma, Wash., for the United States and N. O. Nicholson, Superintendent of Taholah Indian Agency, and James A. Howarth, United States Forest Sup'r.

YANKWICH, District Judge.

The plaintiffs, Indians, holding timber allotments in the Quinaielt Indian Reservation, have brought suit against the United States of America, N. O. Nicholson, Superintendent of the Taholah Indian Agency, James A. Howarth, United States Forest Supervisor, and others, attacking the legality of Section 10, of the General Timber Sales Regulations and of the Forest Regulations of April 23, 1936, insofar as they apply to them.

Six of the plaintiffs are owners of timber allotments in the five areas designated for logging in the Reservation by contracts signed but not logged. Another plaintiff has a timber allotment on which there is no contract for sale of timber. There are many others in both classes.

The complaint avers that by the regulation of selective logging, they are being excluded unlawfully from a large and valuable part of their allotments.

The timber was clear cut on the reservation from November 8, 1922, the time of the first logging, to August 20, 1936, when the Forest Regulations of April 20, 1936, were put into effect.

Through the enforcement of these regulations, there is held back from cutting 25 to 60 per cent of the standing timber and along the highways and streams certain widths in strips are held back from cutting.

Injunctive relief is asked against the enforcement of these regulations of the Secretary of the Interior by the subalterns named.

■ The Government of the United States and the two designated officials, have moved to dismiss the complaint. The Government urges that this is a suit against it, in its sovereign capacity, and that the complaint does not allege affirmatively its consent to be sued. Louisiana v. McAdoo, 1914, 234 U.S. 627, 34 S.Ct. 938, 58 L.Ed. 1506; Minnesota v. United States, 1939, 305 U.S. 382, 59 S.Ct. 292, 83 L.Ed. 235.

The contention is untenable.

As allottees, the plaintiffs are entitled to sue the Government of the United States under Section 345, Title 25, U.S.C.A.

This section confers jurisdiction upon the Court, and is, in effect, the consent for the institution of any action against the United States Government, for any of the causes designated in it. Hy-yu-tse-mil-kin v. Smith, 1902, 9 Cir., 119 F. 114, affirmed, 1904, 194 U.S. 401, 24 S.Ct. 676, 48 L.Ed. 1039; Morrison v. Work, 1924, 266 U.S. 481-490, 45 S.Ct. 149, 69 L.Ed. 394.

And acts are clearly averred in the complaint which, if true, amount to an unlawful exclusion of the plaintiffs from a portion of their allotments or parcels of lands.

■ Through an allotment, the Indian allottee acquires an equitable title to the land. While the Government retains the legal title in trust for the Indian, the title of the Indian, except for the limitation against alienation, is, in reality, a title in fee simple. United States v. Paine Lumber Co., 1907, 206 U.S. 467, 473, 27 S.Ct. 697, 51 L.Ed. 1139; United States v. Rickert, 1903, 188 U.S. 432, 23 S.Ct. 478, 47 L.Ed. 532.

The right to cut timber is an incident of ownership (United States v. Paine Lumber Co., supra), and is also conferred specifically by statute (Title 25, U.S.C.A. § 406).

Any act which excludes the allottee from full enjoyment of the timber on his land, is an interference with his right of ownership.

Certain it is, that if the Government cannot compel an Indian tribe to share occupancy of its land with another, without just compensation (Shoshone Tribe v. United States, 1937, 299 U.S.. 476, 57 S. Ct. 244, 81 L.Ed. 360; United States v. Shoshone Tribe, 1938, 304 U.S. 111, 58 S. Ct. 794, 82 L.Ed. 1213), it cannot, under the supervisory powers it may possess, while it is holding the naked title in trust for the Indians, deprive them of the full use of timber upon the land, *absent a specific statutory authorization, or reservation of power in the certificate of allotment.* See Starr v. Campbell, 208 U.S. 527, 28 S.Ct. 365, 52 L.Ed. 602. See, also, United States v. Klamath & Moadoc Tribes of Indians, 1938, 304 U.S. 119, 58 S.Ct. 799, 82 L.Ed. 1219.

The provisions for the sale of the timber, with the consent of the Secretary of the Interior (§ 8, 36 Stat. 857, 25 U.S. C.A. § 406) and for the disposal of the proceeds for the benefit of the allottee "under regulations to be prescribed by the Secretary of the Interior", do not confer the right to limit the disposal of timber to portions designated by the Secretary.

Under this section, the sale of timber is conditioned upon the consent of the Secretary. The "regulations" which, under the mandate of this section, he may make, relate *not to the sale,* but *to the payment* or disposal of the proceeds.

Granted that the Secretary might refuse his assent to an improvident sale by an individual allottee, there is no warrant in this section for a policy of timber conservation, which, *no matter how laudable and socially beneficial,* does, *in fact,* diminish an Indian allottee's full enjoyment of his fee, as to a matter not limited by the allotment or ‚by law. The only limitation in the certificate of allotment relates to alienation. The other, consent to the sale of timber, is added by this section.

Neither justifies the withholding of a portion of the timber from sale.

The complaint, therefore, states a justiciable claim.

And it is not vulnerable for failure to make the Secretary of the Interior a party.

The law relating to suits against departmental subordinates lacks certainty. See the discussion of Judge Learned Hand in National Conference on Legalizing Lotteries, Inc., v. Goldman, 1936, 2d Cir., 85 F.2d 66.

But there is authority for the proposition that where the regulations are clearly beyond the constitutional or statutory power of a department head, his subalterns may be enjoined from enforcing them. The following cases are illustrative: Berdie v. Kurtz, 1935, 9 Cir., 75 F.2d 898, enjoining subordinates from enforcing milk regulations of Secretary of Agriculture; Yarnell v. Hillsborough Packing Co., 1934, 5 Cir., 70 F.2d 435, enjoining control committee under Secretary of Agriculture, from enforcing marketing regulations in citrus industry; Ryan v. Amazon Petroleum Corporation, 1934, 5 Cir., 71 F.2d 1, enjoining trespass on oil property in endeavor to enforce petroleum code of Secretary of the Interior; Rood v. Goodman, 1936, 5 Cir., 83 F.2d 28, enjoining local postmaster from preventing delivery of mail under personal fraud order. A like action was entertained in Aycock v. O'Brien, 1928, 9 Cir., 28 F.2d 817.

Here the plaintiffs are not seeking to prevent subordinates from executing a discretionary order of their superior, the Secretary of the Interior. Gnerich v. Rutter, 1924, 265 U.S. 388, 44 S.Ct. 532, 68 L.Ed. 1068; Webster v. Fall, 1925, 266 U.S. 507, 45 S.Ct. 148, 69 L.Ed. 411; Warner Valley Stock Company v. Smith, 1897, 165 U.S. 28, 17 S.Ct. 225, 41 L.Ed. 621; Transcontinental & Western Air v. Farley, 1934, 2d Cir., 71 F.2d 288.

They are challenging the very power of the Secretary of the Interior to make the regulations.

Any subordinate attempting to enforce them is a trespasser and may be enjoined, without the presence in court of his superior. See Colorado v. Toll, 1925, 268 U.S. 228, 45 S.Ct. 505, 69 L.Ed. 927, and cases supra.

810

As the process of this court could not be directed to the Secretary of the Interior (28 U.S.C.A. § 112; see Transcontinental & Western Air v. Farley, supra), these plaintiffs would be denied their day in court, if compelled to sue him in the District of Columbia.

More, under the new rules of Civil Procedure, non-joinder is no longer a ground of dismissal. Rules 7 and 21, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The motions to dismiss are denied and defendants allowed twenty days to answer the complaint.