**GARGILIS v. GLEAVY.**

No. 1936.

District Court, D. Massachusetts.

June 23, 1942.

Alfred Sigel, of Boston, Mass., for plaintiff.

Edmund J. Brandon, U. S. Atty., and Gerald J. McCarthy, Asst. U. S. Atty., both of Boston, Mass., for defendant.

SWEENEY, District Judge.

In this action the petitioner seeks to enjoin the Acting Postmaster in Boston from interfering with his mail pursuant to a fraud order issued against him by the Acting Postmaster General in Washington. The defendant has moved to dismiss the action for the reason, among others which need not be considered, that the Postmaster General is an indispensable party, and cannot be joined in this action as he is outside the jurisdiction of the court. The pleadings disclose the facts.

There is considerable discord in the decisions as to whether a court may enjoin a subordinate official of an administrative officer, without joining the latter as a party to the proceedings, where the offending acts of the subordinate result from his merely carrying out a mandate of his superior. The discord results from some apparently inconsistent decisions of the Supreme Court such as Warner Valley Stock Co. v. Smith, 165 U.S. 28, 17 S.Ct. 225, 41 L.Ed. 621, and State of Colorado v. Toll, 268 U.S. 228, 45 S.Ct. 505, 69 L.Ed. 927. That it is not an easy matter to reconcile the Supreme Court decisions was admitted, but without further elucidation on the point, in the recent case of Brooks v. Dewar, 313 U.S. 354, 359, 61 S.Ct. 979, 85 L.Ed. 1399. A number of courts have commented on this unsatisfactory state of the law. National Conference on Legalizing Lotteries v. Goldman, 2 Cir., 85 F.2d 66: Johnson v. Rylander, D.C., 18 F.Supp. 689, 690; Eastman v. United States, D.C., 28 F.Supp. 807, 809; Redlands Foothill Groves v. Jacobs, D.C., 30 F.Supp. 995, 1009; Barr v. Rhodes, D.C., 35 F.Supp. 223, 225; Ernest v. Fleissner, D.C., 38 F.Supp. 326, 327; Acret v. Harwood, D.C., 41 F.Supp. 492, 493.

Despite this apparent discord, certain definite rules have been suggested, which seem based on sound principles. Thus it has been held that where the issue involves the legal power of the superior to promulgate the particular order or regulation, his subordinate may be enjoined from acting under it without joining his superior in the action. Eastman v. United States, supra. Or where the subordinate exceeds the bounds of the order or regulation under which he is acting, he may be enjoined in an action against him alone. On the other hand, where the legal authority of the superior to issue the particular order or

regulation is not challenged, but only the manner in which he exercises his legal authority, then the superior is a necessary party to an action seeking to restrain the subordinate. Acret v. Harwood, supra.

Another rule which is suggested by the case of Gnerich v. Rutter, 265 U.S. 388, 391, 392, 44 S.Ct. 532, 68 L.Ed. 1068, is that where the subordinate is merely carrying out an order of his superior, without exercising any independent discretion of his own, his actions are in effect those of his superior, and therefore the superior is the real person whose hands would be tied should an injunction issue against the subordinate; hence, the superior is a necessary party to the action.

In the present case there is no question of the legal power of the Postmaster General to issue the fraud order against the petitioner. See 39 U.S.C.A. §§ 259 and 732. And obedience to the order by the local Acting Postmaster was mandatory, there being no discretion in the matter delegated to him. Therefore, whatever may be the law under different circumstances, the present case comes clearly within the ruling in the Gnerich case, supra.

The petitioner argues that the case of Hurley v. Dolan, 1 Cir., 297 F. 825, 34 A.L.R. 1289, decided in this circuit, supports his contention that the Postmaster General is not an essential party to this action, since in that case the Postmaster General was not joined as a party, and relief was granted against the local Postmaster. This contention is squarely answered by the case of Webster v. Fall, 266 U.S. 507, 45 S.Ct. 148, 69 L.Ed. 411. Two of the principal decisions relied on in the Dolan case, supra, were American School of Magnetic Healing v. McAnnulty, 187 U.S. 94, 23 S.Ct. 33, 47 L.Ed. 90, and Public Clearing House v. Coyne, 194 U.S. 497, 24 S.Ct. 789, 48 L.Ed. 1092. In the Webster case, supra, these same two cases were cited by the appellant to support his contention that the Secretary of the Interior was not an essential party in an action seeking an injunction against the Secretary's subordinate. In disposing of appellant's contention the court said with regard to these and other similar cases (page 511 of 266 U.S., page 149 of 45 S.Ct., 69 L.Ed. 411)

"We do not stop to inquire whether all or any of them can be differentiated from the case now under consideration, since in none of them was the point here at issue suggested or decided. The most that can be said is that the point was in the cases if any one had seen fit to raise it. Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents."

Similarly, in the Dolan case, supra, the question of joining the Postmaster General as a necessary party was not considered.

### Conclusions of Law.

I rule as a matter of law that the Postmaster General is a necessary and indispensable party to this action.

The motion to dismiss must be and is allowed.