## THE STATE OF COLORADO v. TOLL, SUPERINTENDENT OF THE ROCKY MOUNTAIN NATIONAL PARK.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF COLORADO.

No. 234. Argued April 24, 1925.—Decided May 11, 1925.

1. A proper remedy for a State which claims that acts of a federal official are without authority and derogate from its quasi-sovereign authority, is to by bill in equity, in the federal court, to restrain him as an individual, without joining his superior officers or the United States. P. 230.

2. A decree of the District Court dismissing a bill brought by a State complaining of an infringement of its right in the highways and of other reserved powers, *held* to involve construction of the Constitution and to be appealable directly to this Court. *Id.*

3. The Act of January 26, 1915, creating the Rocky Mountain National Park did not authorize federal regulation of automobile traffic inconsistent with the right of the State of Colorado over traffic on her roads traversing the park area. *Id.*

4. It will not be assumed, without proof and in face of the State's bill to the contrary, that this right of the State has been ceded to the United States. P. 231.

Reversed.

APPEAL from a decree of the District Court dismissing a bill by which the State of Colorado sought to enjoin the superintendent of a national park from carrying out certain park regulations, particularly with regard to automobile traffic, alleged to be unauthorized by Congress and in derogation of the rights and powers of the State.

Mr. *William L. Boatright*, Attorney General of the State of Colorado, and Mr. *Paul W. Lee*, with whom Mr. *Geo. H. Shaw* was on the brief, for appellant.

Mr. *H. L. Underwood*, Special Assistant to the Attorney General, with whom *the Solicitor General* and As-

*sistant Attorney General I. K. Wells* were on the brief, for the appellee.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is a bill brought in the District Court by the State of Colorado to enjoin the superintendent of the Rocky Mountain National Park from enforcing certain regulations for the government of the park, which are alleged to be beyond the authority conferred by Acts of Congress and to interfere with the sovereign rights of the State. These regulations forbid any person to reside permanently, engage in any business, or erect buildings in the park without permission in writing from the Director of the National Parks Service, provide for the removal of disorderly persons and forbid their return without permission from the Director, and impose a fine or imprisonment or both for violating these regulations, the defendant, it seems, being the sole judge. The special subject of complaint is a further regulation subject to similar penalties that " The park is open to automobiles operated for pleasure, but not to those carrying passengers who are paying, either directly or indirectly, for the use of machines. (Excepting, however, automobiles used by transportation lines operating under Government franchises.)" It is alleged that the defendant and his superior officers assert full authority over all highways in the park to the exclusion of the State and refuse permission to anyone operating automobiles for hire except one corporation which has received a permit. It is alleged that he asserts the right to exact a license fee from privately owned vehicles, although it does not appear that this has been done in this park. There are many thousands of acres in the park owned by private persons, and there are houses and hotels that were built before the park was laid out. It is feared that the same jurisdic-

tion will be exercised over the forest reservations in the State and it is alleged that all the main highways connecting the eastern and western parts of the State traverse either the reservation or the park, which last contains about 400 square miles. The roads were built by counties and the State under the grant of right in Rev. Sts. § 2477 before the park was laid out. It is alleged that the State never has ceded its power. The bill was dismissed for want of equity by the District Court.

The object of the bill is to restrain an individual from doing acts that it is alleged that he has no authority to do and that derogate from the quasi-sovereign authority of the State. There is no question that a bill in equity is a proper remedy and that it may be pursued against the defendant without joining either his superior officers or the United States. *Missouri* v. *Holland,* 252 U. S. 416, 431. *Philadelphia Co.* v. *Stimson,* 223 U. S. 605, 619, 620. As the bill was dismissed upon the merits it is not necessary to say more upon this preliminary question. Also the direct appeal to this Court is proper as the State complains of an infringement of its right in the highways and of its other reserved powers and the case as made involves the construction of the Constitution of the United States.

The park was created by the Act of January 26, 1915, c. 19; 38 Stat. 798. By § 2 the Act is not to " affect any valid existing claim, location, or entry under the land laws of the United States, whether for homestead, mineral, right of way, or any other purpose whatsoever," and by § 3 " no lands located within the park boundaries now held in private, municipal, or State ownership shall be affected by or subject to the provisions of the Act." By § 4 the park is put under the executive control of the Secretary of the Interior and it is made his duty to make such reasonable regulations, not inconsistent with the laws of the United States, as he deems proper for the management of the same, such " regulations being pri-

marily aimed at the freest use of the said park for recreation purposes by the public and for the preservation of the natural conditions and scenic beauties thereof. . . . The regulations governing the park shall include provisions for the use of automobiles therein." There is no attempt to give exclusive jurisdiction to. the United States, but on the contrary the rights of the State over the roads are left unaffected in terms. Apart from those terms the State denies the power of Congress to curtail its jurisdiction or rights without an act of cession from it and an acceptance by the national government. *Fort Leavenworth R. R. Co.* v. *Lowe,* 114 U. S. 525. The statute establishing the park would not be construed to attempt such a result. *Leavenworth, Lawrence & Galveston R. R. Co.* v. *United States,* 92 U. S. 733. As the defendant is undertaking to assert exclusive control and to establish a monopoly in a matter. as to which, if the allegations of the bill are maintained, the State has not surrendered its legislative power, a cause of action is disclosed if we do not look beyond the bill, and it was wrongly dismissed. The cases cited for the defendant do not warrant any such extension of the power of the United States over land within a State. *Utah Power & Light Co.* v. *United States,* 243 U. S. 389, 404. *McKelvey* v. *United States,* 260 U. S. 353, 359. See *Omaechevarria* v. *Idaho,* 246 U. S. 343.

It is said, although it does not appear in the record, that the decision below was based upon *Robbins* v. *United States,* 284 Fed. 39, in which these regulations were held to be justified by a cession from the State. But the alleged cession is not in this record and the State denies it in the bill. In its argument it maintains that the Acts relied upon by the superintendent do not have the scope attributed to them and asserts that if they had purported to go so far they would have been without authority. The State is entitled to try the question and

to require the alleged grant to be proved. As the case can be dealt with more satisfactorily when the exact facts are before the Court we go into no more elaborate discussion now.

*Decree reversed.*