### HILL et al. v. DARGER et al.
### No. 353.

District Court, S. D. California,
Central Division.

Sept. 7, 1934.

Lewis D. Collings, Edward M. Selby, and H. C. Johnston, all of Los Angeles, Cal., for plaintiffs.

Peirson M. Hall, U. S. Atty., and Clyde Thomas, Asst. U. S. Atty., both of Los Angeles, Cal., for defendants.

COSGRAVE, District Judge.

Application for preliminary injunction on behalf of plaintiffs who are producers and distributors of milk, against defendants who seek as officials authorized to enforce the provisions of license No. 57, designated "License for Milk, Los Angeles, California, Sales Area, issued by the Secretary of Agriculture under the Agricultural Adjustment Act (7 USCA § 601 et seq.)," to prosecute plaintiffs on charges filed against plaintiffs for violations of the said license. Defendants move to dismiss because of lack of proper parties defendant.

Plaintiffs complain that all the milk in which they deal is produced by its producers and sold by plaintiffs as distributors entirely within the state of California for consumption therein, and none is moved or shipped outside the state; that their dealings are not interstate commerce; that the Secretary of

Agriculture, purporting to act under the Agricultural Adjustment Act, has issued a license effective within the Los Angeles sales area, territory wholly within the state; that under the terms of such license plaintiffs are included; that plaintiffs have been charged with violations of this license, and a tribunal, officered by the defendants, has been erected to try them upon such charges; that defendants, claiming authority under the license so to do, propose to deprive them of the right to carry on their business, with fines and penalties; that the United States Constitution authorizes Congress to pass laws such as the Agricultural Adjustment Act only with respect to interstate commerce and not commerce or trade wholly within a state; that the act, in so far as it purports to affect the business in which plaintiffs are engaged, is beyond the power of Congress, and defendants, acting under the authority of the Secretary of Agriculture to enforce its provisions, are without power to take disciplinary proceedings against plaintiffs.

Defendant Darger is described as Market Administrator, appointed as such by the Secretary of Agriculture under provisions of license No. 57. Plaintiffs charge that he claims the right to enforce the provisions of the license. Defendant Hunter is described as the presiding officer appointed by the Secretary of Agriculture to hear the charges against the plaintiffs, and represents the Secretary of Agriculture as hearing officer. Defendants Hadley and Morrison are attorneys for the Secretary of Agriculture and are prosecuting the charges. The Secretary of Agriculture is not made a party.

Defendants move to dismiss on the ground that the Secretary of Agriculture is an indispensable party defendant; that he is the only person with power to revoke the license and thus render plaintiffs subject to the penalties of the act; that those joined as defendants have no power to enforce the license or to inflict injury upon the plaintiffs, and cite Webster v. Fall, 266 U. S. 507, 45 S. Ct. 148, 69 L. Ed. 411, as definitely settling that question. That action was brought to secure a mandatory injunction requiring that certain moneys be paid to a member of the Osage Indian Tribe. The payments were such that only the Secretary of the Interior could make them.

"The statutory direction to cause quarterly payments to be made * * * is addressed to the Secretary. The power and responsibility are his. Neither Wright nor Wise (the defendants actually proceeded against) has any primary authority in the matter. They can act only under, and in virtue of, the Secretary's general or special direction." (Page 510 of 266 U. S., 45 S. Ct. 148, 149).

I do not think Webster v. Fall, supra, in point. The purpose of the suit was to control the action of the Secretary of the Interior. Here plaintiffs complain that they are being subjected to the action of individuals purporting to act as officers who have no legal existence as such; that the actual and threatened acts have a tendency to and do injure them financially; in a word, that they are being subjected to the discipline and jurisdiction of a tribunal that has not lawful existence so far as they are concerned.

"It is well settled, of course, that equity will in a proper case restrain officials of the government from acts constituting an invasion of individual rights where such acts are not authorized by statute or where the statute authorizing them is void because in conflict with some provision of the Constitution." Appalachian Electric Power Co. v. Smith (C. C. A.) 67 F.(2d) 451, 454.

Plaintiffs cite Colorado v. Toll, 268 U. S. 228, 45 S. Ct. 505, 506, 69 L. Ed. 927, a suit brought to enjoin the superintendent of a national park from enforcing certain regulations for the government of the park, which were alleged to be beyond the authority conferred by acts of Congress. An additional ground involving the sovereign rights of the state of Colorado was claimed, and, while the court includes such ground, there is no distinction made between the two, and obviously the first is not strengthened or affected by the second. If the authority that the superintendent asserted was beyond that conferred by the act of Congress, that alone would justify the decision.

"The object of the bill is to restrain an individual from doing acts that it is alleged that he has no authority to do and that derogate from the quasi-sovereign authority of the State. There is no question that a bill in equity is a proper remedy and that it may be pursued against the defendant without joining either his superior officers or the United States." Colorado v. Toll, supra.

I think Colorado v. Toll is controlling, and that the Secretary of Agriculture is not a necessary party to the determination of the question whether the defendants in this case have lawful warrant for their actions. This is the holding of Judge Bryan of the Fifth Circuit in the recent case of Yarnell v. Hillsborough Packing Co. (C. C. A.) 70 F.(2d) 435, 438.

One who performs any act violative of individual right must find statutory warrant for the authority that he attempts to exercise, and in default of such warrant he may be enjoined.

Plaintiffs do not question that the act authorizes the Secretary of Agriculture to issue licenses for the carrying on of interstate commerce. They deny that he has any jurisdiction whatever over commerce that is entirely confined to a single state. By the terms of the license, the Secretary finds that the marketing of milk for distribution in the Los Angeles sales area and the distribution thereof are entirely in the current of interstate commerce because such marketing and distribution are partly interstate and partly intrastate commerce, and so inextricably mingled that they cannot be separated. He licenses every distributor "to engage in the business of distributing, marketing or handling milk or cream as a distributor in the Los Angeles Sales Area." A distributor is defined as one engaged in the business of marketing milk or cream for ultimate consumption in the Los Angeles sales area. The geographical boundaries are set forth and are all within the state.

I do not think that commerce that is not interstate in fact, but on the contrary is wholly confined within the boundaries of a single state, can be made interstate by such declaration.

These conditions apply to all of the milk produced in the Los Angeles sales area and sold therein. A small quantity, uncertain in amount and at uncertain times, is processed and manufactured into other products which are transported beyond the boundaries of the state. This, it is estimated, does not exceed one-tenth of 1 per cent., and must be regarded as a negligible factor in the case.

The business, trade, or commerce in which plaintiffs are engaged is confined to the state of California, clearly not interstate commerce, and as such is not subject to regulation by Congress. Minnesota v. Blasius, 290 U. S. 1, 54 S. Ct. 34, 78 L. Ed. 131; Chassaniol v. Greenwood, 291 U. S. 584, 54 S. Ct. 541, 78 L. Ed. 1004; Nashville, C. & St. L. Ry. v. Wallace, 288 U. S. 249, 53 S. Ct. 345, 77 L. Ed. 730, 87 A. L. R. 1191; Federal Compress & Warehouse Co. v. McLean, 291 U. S. 17, 54 S. Ct. 267, 78 L. Ed. 622. What may appear in other communities where milk is actually the subject of trade between states and therefore interstate commerce is not important here. From the facts presented I am clearly of the opinion that there is no warrant in law for the acts of the defendants with respect to plaintiffs.

The motion to dismiss is denied, and the preliminary injunction heretofore ordered continued in force pending the further order of the court. Exception to defendants from this ruling.