**CARR v. DESJARDINES, Project Manager, et al.**

No. 1900.

District Court, W. D. Oklahoma.
Sept. 29, 1936.

Otjen & Carter, of Enid, Okl., for plaintiff.

William C. Lewis, U. S. Dist. Atty., of Oklahoma City, Okl., for defendants.

Nathan Scarritt and E. S. Champlin, both of Enid, Okl., for defendant D. C. Bass & Sons Const. Co.

VAUGHT, District Judge.

The plaintiff brings this action as a resident and taxpayer of the city of Enid, Garfield county, Oklahoma, alleging that he is the owner of a large apartment building in said city containing many apartments, all of which are rented to the public; that he is the owner of real estate and improvements in said city and county; that said property is valuable and is assessed for tax purposes and that he is a large taxpayer in said city and county, and is liable for future taxes in a large sum; that the defendant L. A. Desjardines is the project manager of what is called the Federal Low Cost Housing Project of Enid, Garfield County, Oklahoma; that said defendant has been instrumental in procuring two blocks of land in said city, title to which has been taken in the United States of America; that the defendant George Blumenauer is chief architect of the Federal Low Cost Housing Project, defendant A. R. Clas is director, and defendant Harold S. Ickes is Secretary of the Interior and as such Secretary of the Interior has charge of said Low Cost Housing Project in the city of Enid; that the said defendants above named are made defendants in this action because of acts which they threaten to perform under the purported authority of the Emergency Relief Appropriation Act of 1935, 15 U.S.C. A. § 728 note; that the defendants con-template erecting buildings for said housing project in the city of Enid for ninety family units and contemplate expending therefor $435,000; that they have started to erect foundations for buildings on said property and contemplate the erection of buildings sufficient to house ninety families on said blocks in said apartments, to be rented at low cost to tenants; that the money which these defendants are expending and threaten to expend is money belonging to the United States of America; that the said defendants have advertised for bids for the erection of said apartments, and are about to receive bids for the erection of same.

The plaintiff further alleges that said property so purchased for the United States of America will be taken from the tax rolls of the city of Enid, Garfield county, and therefore will not be subject to taxation; that if permitted to construct said apartments and to rent same in direct competition with the plaintiff and others similarly situated, it will result in the vacation of many of the plaintiff's apartments and numerous other apartments in the city of Enid, and will make it impossible for the plaintiff and others similarly situated to compete with the defendants in the operation of their apartments, in that defendants are not required to pay taxes of any nature or character, which is a direct interference with the reasonable use of plaintiff's property; that said failure of defendants to pay taxes will increase the taxes of the plaintiff, in that he and other property owners so situated will be compelled to meet the expense of providing city government, fire protection, and school facilities for the occupants of the defendants' apartments.

The plaintiff further alleges that the Emergency Relief Appropriation Act is in violation of the Constitution of the United States and therefore void, and that the acts done and threatened to be done are in violation of the law, and should be restrained.

The plaintiff asks for injunctive relief against said defendants and each of them.

The defendant Harold S. Ickes appears specially and moves to dismiss for the reason that he is a resident of the District of Columbia and not within the jurisdiction of this court; that he is an indispensable party to the suit; and that this court has no jurisdiction of this defendant or the subject-matter.

The defendant L. A. Desjardines, project manager, has also filed a motion to dismiss, challenging the jurisdiction of this court, alleging that he is merely an employee of the defendant Ickes; that he has no authority or power to award contracts or spend money; and that the entire project is under the direction and control of defendant Ickes.

Other questions are raised by the motions to dismiss, but the serious question, in the judgment of the court, is whether or not an action of this character can be maintained in this court. That is, whether defendant Ickes, a resident of the District of Columbia and in charge of this project, who must approve all contracts, make all awards, and direct the expenditure of all funds, can be sued except in the district of his residence.

Title 28 U.S.C.A. § 112 provides, in part: "(a) * * * No civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant." This act has been construed in Webster v. Fall, 266 U.S. 507, 45 S.Ct. 148, 149, 69 L.Ed. 411, Gnerich v. Rutter, 265 U.S. 388, 44 S.Ct. 532, 533, 68 L.Ed. 1068, and Warner Valley Stock Co. v. Smith, 165 U.S. 28, 17 S.Ct. 225, 41 L. Ed. 621.

In the argument on this motion, there was no disagreement as to the facts in the case. The two local defendants, Desjardines, project manager, and George Blumenauer, chief architect, are the only defendants who are residents of Garfield county, Oklahoma. The remaining defendants are all residents of the District of Columbia.

A supplemental bill has been filed in which the plaintiff has named, as defendants, D. C. Bass, D. C. Bass, Jr., and Henry B. Bass, partners doing business as D. C. Bass & Sons Construction Company; they being residents of Garfield county, also. It is alleged in the supplemental bill, with reference to the Bass Construction Company and those constituting said company, that said Bass Construction Company has filed a bid on said project; that said bid is the lowest bid, and in all probability will be awarded the contract unless enjoined by this court.

Notwithstanding defendant Ickes is, by appointment of the President, the administrator of this project, if the act under which he purports to act is unconstitutional then the action would be against him as an individual and not as a representative of the United States government. But no service has been had on defendant Ickes, a resident of the District of Columbia, and the question is whether or not this action could be maintained in this jurisdiction.

It is alleged in the bill that the title to this real estate involved, on which the apartments are to be erected, is in the United States of America; that the architect has prepared plans and specifications for the buildings to be erected; that the defendant Desjardines is project manager, but it is admitted that he has no power to act; that he has no discretion over any of the things to be done; that he merely secures the information and submits it, with his recommendation, to Administrator Ickes, who makes all decisions, receives the bids, makes all awards, and provides for the payment for the construction of said building.

The mere fact D. C. Bass & Sons Construction Company is the lowest bidder would not make it either a necessary or a proper party defendant. It is contended by the plaintiff that the agent or employee of Mr. Ickes is a necessary party defendant and that the local employees are residents of Garfield Company and the only parties necessary to this action. No contract has been entered into, and the only persons who can award the contract and carry on said construction work are nonresidents of this district.

There are two cases that are relied upon by the parties in this suit and they seem to be the leading cases. The defendants rely upon Webster v. Fall, supra. In that case, which was an Oklahoma case, a member of the Osage Tribe of Indians brought action against the Secretary of the Interior, Wright, the Superintendent of the Osage Agency, and Wise, a special disbursing agent, charged with the duty of paying and disbursing funds and moneys, to secure a mandatory injunction commanding and requiring that moneys and funds due the said member of the Osage Tribe be assigned and paid over to him, alleging that the same were being unlawfully withheld. The Act of March 3, 1921, § 4, c. 120, 41 Stat. 1249, 1250, requires the Secretary to cause to be paid to each adult member of the Osage Tribe not having a certificate of competency $1,000 quarterly, et cetera. No service was

had upon the Secretary and he did not appear in the suit. The other defendants were served, the case went to trial, and the bill after a hearing was dismissed for want of equity and on the merits. The court said: "But the suit was one which required the presence of the Secretary, and the bill should have been dismissed for want of a necessary party. Gnerich v. Rutter, 265 U.S. 388, 44 S.Ct. 532, 68 L.Ed. 1068; Warner Valley Stock Co. v. Smith, 165 U.S. 28, 34, 17 S.Ct. 225, 41 L.Ed. 621. The statutory direction to cause quarterly payments to be made * * * is addressed to the Secretary. The power and responsibility are his. Neither Wright nor Wise have any primary authority in the matter. They can act only under, and in virtue of, the Secretary's general or special direction. In the absence of it no payments or 'disbursements properly can be made." Quoting from the Gnerich Case, the court said: "They act under his direction and perform such acts only as he commits to them by the regulations. They are responsible to him and must abide by his direction. What they do is as if done by him. He is the public's real representative in the matter, and, if the injunction were granted, his are the hands which would be tied." The court, in Webster v. Fall, supra, says further: "In the Smith Case, suit was brought against the Secretary of the Interior and the Commissioner of the General Land Office to enjoin them from exercising further jurisdiction with respect to the disposition of certain public lands, from further trespassing upon complainant's right of quiet possession, and to command the issue of patents to plaintiff. The suit abated as to the Secretary because of his resignation, and it was held that it could not be continued against the Commissioner alone." In this case the court held that the Secretary of the Interior was not only a necessary party, but that the action could not be maintained except against him.

The plaintiff relies upon Colorado v. Toll, 268 U.S. 228, 45 S.Ct. 505, 506, 69 L. Ed. 927. In this case a bill was brought in the District Court of Colorado by the state of Colorado to enjoin the superintendent of the Rocky Mountain National Park from enforcing certain regulations for the government of the park, which are alleged to be beyond the authority conferred by acts of Congress and to interfere with the sovereign rights of the state.

These regulations forbid any person to reside permanently, engage in any business, or erect buildings in the park without permission in writing from the Director of the National Parks Service, provide for the removal of disorderly persons and forbid their return without permission from the director, and impose a fine or imprisonment or both for violating these regulations. Quoting from the opinion: "The object of the bill is to restrain an individual from doing acts that it is alleged that he has no authority to do and that derogate from the quasi-sovereign authority of the State. There is no question that a bill in equity is a proper remedy and that it may be pursued against the defendant without joining either his superior officers or the United States."

It is the contention of the plaintiff, therefore, that in Colorado v. Toll, supra, the Supreme Court held that it was not necessary to make the superior officers party defendants.

In Colorado v. Toll, no reference is made to Webster v. Fall, supra, and it evidently was not the intention of the court to overrule the decision of the court in that case. There is a distinction between the two cases. The superintendent of the Rocky Mountain National Park was the individual who was carrying into effect the regulations complained of by the state. The state was a party, also. Whether or not it would make any difference whether the plaintiff were a state or an individual is not clear.

The Fifth Circuit Court of Appeals in Yarnell et al. v. Hillsborough Packing Co. et al., 70 F.(2d) 435, follows Colorado v. Toll, supra; but the Second Circuit Court of Appeals in National Conference on Legalizing Lotteries, Inc., et al. v. Goldman, 85 F.(2d) 66, decided July 17, 1936, follows Webster v. Fall, supra.

The prayer of the plaintiff's petition is that the plaintiff be granted "a temporary restraining order against the defendants, and each of them, enjoining them, and each of them, their officers, agents and all persons acting in aid of them, and their successors in office from receiving, accepting or acting on any bids for the construction of said buildings or from taking any other proceedings to erect said buildings or the development of said project."

Clearly, defendant Ickes is the only person who can receive the bids, make the

awards, or direct any procedure with reference to the erection of said buildings, or the development of said project.

In view of the very positive language of the court in Webster v. Fall, supra, I have reached the conclusion that Secretary Ickes is not only a necessary party, but he is the only party against whom an effective injunction can be granted. He is not within the jurisdiction of this court, has not entered his appearance, and therefore the court has no jurisdiction over him. It would be useless to grant an injunction against the architect or against Desjardines, who are merely employees, neither of whom have anything to do with letting the contracts or paying out the moneys of the United States.

Therefore, the bill should be dismissed. An exception is allowed the plaintiff. A form of decree, consistent with the foregoing opinion may be submitted.