JANES, Inspector, v. LAKE WALES CITRUS GROWERS ASS'N et al.

No. 9351.

Circuit Court of Appeals, Fifth Circuit.

March 15, 1940.

Rehearing Denied April 19, 1940.

654

George A. McNulty, Gen. Counsel, Wage and Hour Division, U. S. Department of Labor, Irving J. Levy, Asst. Gen. Counsel, Wage and Hour Division, U. S. Department of Labor, and John J. Babe and Bessie Margolin, Attys., Wage and Hour Division, U. S. Department of Labor, all of Washington, D. C., and Herbert S. Phillips, U. S. Atty., of Tampa, Fla., for appellants.

John S. Lavin, Hugh Akerman, and William H. Dial, all of Orlando, Fla., and John W. Bull, G. L. Reeves, and Counts Johnson, all of Tampa, Fla., for appellees.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

The appellees as handlers, packers and canners of citrus fruits produced in Florida for market in interstate commerce filed their petition in the District Court for the Southern District of Florida against Elmer F. Andrews as Administrator of the Wage and Hour Division of the Department of Labor of the United States, and Roy L. Janes as Inspector of said Division for the State of Florida, and Herbert S. Phillips as United States District Attorney for the Southern District of Florida; seeking preliminary and permanent injunctions against the enforcement as to petitioners of Sections 6 and 7 of the Fair Labor Standards Act of 1938, 52 Stats. p. 1060, 29 U.S.C.A. §§ 206, 207, and a declaratory judgment that a regulation made by the Administrator defining "Area of Production" is arbitrary and inconsistent with the act and void, and that petitioners are exempt from the operation of Sections 6 and 7. The Administrator was not served, but appeared specially to assert his official and personal residence to be respectively in the District of Columbia and State of New York and that the court in Florida had no jurisdiction over him, and he moved to dismiss the complaint as to him. This motion was granted. The Inspector and District Attorney were served and each moved to dismiss the complaint for failure to state a claim against him, and because he was not alleged to be threatening any action or prosecution, and had no power to enforce the act in general, and because neither the Administrator nor the Attorney General who had such power, nor the United States, were parties. These motions were overruled, and a preliminary injunction was granted on elaborate findings of fact and conclusions of law. This appeal followed.

We are of opinion that the injunction should have been refused and the motions to dismiss granted. The evidence showed that the Administrator was preparing to enforce the act throughout the country, but that the Inspector was only an investigator, and had no power to institute suits or prosecutions. Section 4 of the Act, 29 U.S.C.A. § 204, makes the Administrator responsible for its administration and authorizes the appointment of special attorneys to represent him, but places all litigation under the direction and control of the Attorney General. The District Attorneys no doubt can be called on to institute suits or prosecutions, but they have no special duty with reference to the act, and this District Attorney has assumed none. The regulation attacked is of country-wide application. Its validity and effect ought not to be enquired of without more substantial parties to represent it. Certainly no declaratory judgment establishing its invalidity could be rendered. If the Inspector and District Attorney were in fact committing or about to commit some irreparable wrong they might be enjoined though their chiefs could not be reached by the court. Colorado v. Toll, 268 U.S. 228, 45 S.Ct. 505, 69 L.Ed. 927; Yarnell v. Hillsborough Packing Co., 5 Cir., 70 F.2d 435; Ryan v. Amazon Pet. Co., 5 Cir., 71 F.2d 1. But here they are not making even a tangible threat. It is expressly found they have made no personal threats and is admitted that none is alleged. If they should be enjoined generally, the Administrator and Attorney General would not be bound; the petitioners would not be protected against their violations of the act but might be prosecuted through other agents or by the grand juries. The petitioners can test their rights in Florida by submitting to an early test prosecution. If they wish a test in equity they ought to go to a jurisdiction where more responsible parties can be found. The judgment is reversed, with direction to dismiss the petition without prejudice.