**PEOPLES LOOSE LEAF TOBACCO WAREHOUSE CO. et al. v. CLINE, Inspection Supervisor, et al.**

No. 332.

District Court, E. D. Kentucky.

Jan. 16, 1945.

Woodward, Dawson, Hobson & Fulton, of Lousiville, Ky., for plaintiffs.

Claude P. Stephens, U. S. Atty., of Lexington, Ky., for defendant.

FORD, District Judge.

I have read with much interest the opinion of the Sixth Circuit Court of Appeals in the case of Jarvis v. Shackelton Inhaler Co., reported in 6 Cir., 136 F.2d 116, to de-

termine whether that case is applicable and controlling upon the question presented here, and to ascertain in what respect, if any, it conflicts with the comparatively recent opinion of the Ninth Circuit Court of Appeals in the case of Neher v. Harwood, reported in 9 Cir., 128 F.2d 846 in which Circuit Judge Stephens reviewed in detail the authorities bearing upon the question which now confronts us here.

Before studying these cases, however, we should have clearly before us the facts of the present case and the precise problem which they present.

Proof has been heard only upon the issue as to whether the defendant Estill J. Cline made the orders complained of, the execution of which is now sought to be enjoined. The only evidence on the point is that given by Mr. Cline himself, the substance of which is that he is a subordinate employee acting under the orders and directions of the War Food Administrator to whom the administration of the Tobacco Inspection Act, 7 U.S.C.A. § 511 et seq., has been delegated by the Secretary of Agriculture; that the recent allocation of an extra or additional set of inspectors to serve the tobacco market at Glasgow, Kentucky, was pursuant to the orders of his superior, the War Food Administrator of the Department of Agriculture; that he, the defendant Cline, had no power or authority to make such orders or to exercise any discretion in respect to the matter, and that all acts of his in executing the orders of his superior were pursuant to and in conformity with the orders received by him from the Food Administrator. He states that at the time he received orders from the Food Administrator to place additional inspectors upon the Glasgow market he had in his territory no inspectors available and so advised the Administrator who thereupon sent inspectors from another state for the purpose.

The plaintiffs are owners and operators of tobacco marketing warehouses located in neighboring counties in the cities of Bowling Green and Horse Cave, both of which markets are duly designated for inspection under the Tobacco Inspection Act and to each of which has been assigned one set of inspectors. Alleging that the placing of additional inspectors on the Glasgow market, which is their competitor, would result in taking substantial business from them and thereby irreparably injure them by reason of enabling the Glasgow market,

with two sets of inspectors, to offer the advantage of more expeditious inspection and sale of tobacco than the plaintiffs are able to offer with only one set of inspectors each; and further alleging that the order providing for an additional set of inspectors at Glasgow was made without fair consideration of the fact that the Bowling Green and Horse Cave markets serve a larger number of tobacco growers than the Glasgow market and that the order was arbitrary and capricious, they seek a temporary injunction to restrain the defendant Cline from executing or carrying out the orders of his superior, the War Food Administrator of the Department of Agriculture.

In support of their claim that the action complained of was and is in violation of the provisions of the Tobacco Inspection Act, the plaintiffs point to section 5 of the Act, 7 U.S.C.A. § 511d, which provides that in exercising his authority to designate those tobacco auction markets which shall be inspected, in the event competent inspectors are not available at all auction markets within a type area, "he shall first designate those auction markets where the greatest number of growers may be served with the facilities available to him." It seems quite clear that this provision relates only to the designation of markets for inspection and has nothing whatever to do with the determination of the number of inspectors to be utilized or allocated to the various designated markets.

The authority of the Administrator of the Act to appoint or employ inspectors and other employees necessary to effectuate the purposes of the Act is expressly conferred by section 14, 7 U.S.C.A. § 511m. Under this section of the Act the authority of the administrator to employ such inspectors or other employees as he may deem necessary to effectuate the purposes of the Act is unhampered by any special conditions or limitations requiring that he allocate an equal number of his employees to each market.

The plaintiffs raise no question as to the existence of statutory power or authority of the administrator to employ or allocate such inspectors to the various markets as he may deem necessary to effectuate the purposes of the Act, but base their complaint solely upon the manner in which the Administrator has executed his statutory power charging that he has acted arbitrarily. They seek to stay his hands by proceed-

614

ing not against him but against his subordinate only. The defendant's motion to dismiss presents the question as to whether the Administrator is an indispensable party to the proceeding.

 In Neher v. Harwood, 9 Cir., 128 F.2d 846, the Circuit Court of Appeals of the Ninth Circuit, after discussing and analyzing the leading authorities upon the question, such as the opinions of the Supreme Court in Warner Valley Stock Co. v. Smith, 165 U.S. 28, 17 S.Ct. 225, 41 L.Ed. 621, Gnerich v. Rutter, 265 U.S. 388, 44 S. Ct. 532, 68 L.Ed. 1068, Webster v. Fall, 266 U.S. 507, 45 S.Ct. 148, 69 L.Ed. 411, American School of Magnetic Healing v. McAnnulty, 187 U.S. 94, 23 S.Ct. 33, 47 L.Ed. 90, Colorado v. Toll, 268 U.S. 228, 45 S.Ct. 505, 69 L.Ed. 927, and the decisions of various circuit and district courts on the point, among which is an opinion by District Judge Miller of the Western District of Kentucky in Barr v. Rhodes, D.C., 35 F.Supp. 223, stated the rule to be that where a superior federal officer has acted within the authority conferred by a statute which is not attacked as unconstitutional or otherwise invalid, he is an indispensable party to an action to enjoin the execution of his orders upon the basis merely that in some manner he has abused the discretion vested in him by the statute; and an injunction suit for such relief may not be maintained solely against a subordinate who merely performed acts committed to him by the Administrator's orders. But, where the Superior officer presumes to take action without statutory authority or under an unconstitutional or otherwise invalid statute and hence is without authority to act at all, his attempt to authorize action by a subordinate is of no validity, his orders are void as a matter of law and the subordinate who undertakes to carry out such void orders may be restrained without joinder of his superior.

The plaintiffs insist that in Jarvis v. Shackelton Inhaler Co., 6 Cir., 136 F.2d 116, the Circuit Court of Appeals of the Sixth Circuit has announced a different rule to the effect that a suit charging merely arbitrary action on the part of a superior officer may be maintained solely against his subordinate who is directed to carry the orders into execution. I am convinced that plaintiffs' contention in this respect is un-

tenable, and that the opinion of the Circuit Court of Appeals of the Sixth Circuit in the Jarvis case is neither out of harmony nor in conflict with the views of the Ninth Circuit in the Neher case. The Jarvis case dealt with the question of the existence of statutory power on the part of the Postmaster General to make a fraud order denying to a person the use of the mails in the absence of substantial evidence of fraud, under 39 U.S.C.A. § 259 as construed by the Supreme Court in American School of Magnetic Healing v. McAnnulty, 187 U.S. 94, 23 S.Ct. 33, 47 L.Ed. 90. The Court, upon examining the evidence presented by the administrative record, found that the action of the Postmaster General was not supported by substantial evidence, a condition upon which his statutory power to act depended, and in the absence of which no such power existed. The Postmaster General, therefore, being without statutory power to take the action complained of, "the fraud order was void as a matter of law" and afforded no obstacle to restraining the subordinate Postmaster without joining the Postmaster General. The distinction between the Jarvis case and the case now before us seems sufficiently clear to warrant the conclusion that the views therein expressed are neither applicable nor controlling in this case. The Jarvis case turned entirely upon the question of the existence of the superior officer's power, while this case, like the Neher case, involves merely the manner of the exercise of statutory power, the existence of which is not challenged.

 If, as charged in this case, the Administrator of the Tobacco Inspection Act has abused the discretion conferred upon him by the Statute by acting arbitrarily or capriciously, the power of the Court to enjoin such action for the relief of persons irreparably injured thereby is not doubtful, but the Administrator should be made a party defendant and given opportunity to set up his defense. He cannot be adjudged a wrongdoer in his absence. His presence before the Court is indispensable.

Since the Administrator is not made a defendant and is not before the Court, my opinion is that the plaintiffs' motion for a temporary injunction should be denied and the temporary restraining order heretofore issued should be dissolved.