**Everett N. MICHEL and Lorraine A. Michel, husband and wife, Plaintiffs,**

v.

**P. R. NALDER, Project Manager, Columbia Basin Project, United States Bureau of Reclamation, United States Department of the Interior, Defendant.**

**Civ. A. No. 1698.**

United States District Court
E. D. Washington, N. D.

May 18, 1959.

Messrs. Miller, Jansen & Sackmann, Ritzville, Wash., for plaintiffs.

Walter R. Rodgers, III, Asst. U. S. Atty., Spokane, Wash., for defendant.

LINDBERG, District Judge.

On May 6, 1958 plaintiffs filed a complaint in the United States District Court for the Eastern District of Washington, Northern Division, in which the plaintiffs prayed for mandatory injunction requiring defendant to grant plaintiffs' application for water.

The United States is constructing and operating the Columbia Basin Project authorized by the Congress under Chapter 12D of Title 16, United States Code, Annotated, as amended, and delivering water belonging to it through its facilities to eligible farm Units.

The defendant is Project Manager of the Columbia Basin Project for the Bureau of Reclamation, Department of the Interior, and as such he is in charge of the construction and operation thereof and of the delivery of water to eligible farm units thereof.

The material facts in the case are not in dispute and may be found in the pretrial order that has been entered herein.

At the time the complaint was filed the late Judge Driver, upon motion of plaintiffs, issued a temporary order without notice, directing defendant to grant plaintiffs' application for water and the matter was set for hearing for the 14th day of May, 1958. Thereafter on May 14 upon stipulation it was ordered that the temporary order without notice be continued in effect and the hearing on plaintiffs' motion for preliminary injunction was continued to June 25, 1958.

On June 20 the United States Attorney for the Eastern District of Washington, appearing generally for the defendant, filed a motion to dismiss on the following grounds:

1. Complaint fails to state a cause of action upon which specific relief may be granted.

2. The complaint is actually, for all intended purposes, against the United States and the United States has not consented to be sued and the United States is an indispensable party, as is the Secretary of the Interior.

3. The court lacks jurisdiction in this type of case where the United States is, for all intent and purposes, the party defendant when there is no statute setting forth the right to sue the United States under these conditions.

The United States Attorney also appeared specially for the United States of America and for the Secretary of the Interior for the purpose of challenging the jurisdiction of the court, and moved to vacate the temporary injunction for the following reasons:

1. The plaintiffs have failed to join the United States and the Secretary of the Interior as parties defendant.

2. The United States is an indispensable party to the suit, and has not consented to be sued in this action.

3. The Secretary of the Interior is an indispensable party to the action.

4. The plaintiffs have failed to allege their right to the water and the defendant's duty to provide them with water on Farm Unit 65.

5. The plaintiffs have failed to state a cause of action upon which specific relief may be granted.

6. Under the above circumstances this court does not have jurisdiction over the United States, the Secretary of the Interior, or the power to enjoin them without statutory authority and proper service of all indispensable parties.

The motion was based upon affidavits incorporating certain contracts entered into by the United States, later referred to, and other factual data submitted in support thereof.

While no order continuing the temporary injunction in effect appears in the file it does appear from the correspondence of Judge Driver addressed to counsel that Judge Driver heard oral argument on plaintiffs' motion for temporary injunction and the government's motion to vacate the temporary restraining order and likewise defendant's motion to dismiss the complaint, and the matters were taken under submission.[1] It also

---

1. The following letter under date of August 23, 1958 was written to counsel by Judge Sam M. Driver, deceased:

"On June 25, 1958, after oral argument, I took under advisement (1) plaintiffs' motion for temporary injunction, (2) defendant's motion to vacate temporary restraining order, and (3) defendant's motion to dismiss the complaint. It seems to me to be in the best interests of all concerned to have the issues raised by all of the motions decided on the merits.

"A very important question presented by plaintiffs is whether the September 2, 1957 amendment of the Columbia Basin Act requires a farm unit validly placed in trust for a child under 18 years of age to be counted as part of the 320-acre own-

appears that the temporary restraining order remained in effect and that the defendant and the government permitted water to be allotted to the plaintiffs during the 1958 season. Because of the untimely death of Judge Driver in September, 1958 the motions referred to were not ruled upon and the matter was brought to the attention of the undersigned judge in January, 1959 with the request that the matter be taken over and decided.

Thereafter at a conference in the nature of a pretrial conference between the parties I advised counsel that it was my opinion that the temporary restraining order under the law as well as under its terms had expired and was no longer in effect. Further, inasmuch as the issue of jurisdiction as well as a decision on the merits might well rest upon a determination of factual issues and also in order to achieve a more expeditious and less burdensome final disposition of the case in the event an appeal should follow any decision I might render I deferred ruling on the motion to dismiss and requested the parties to agree upon a pretrial order setting forth all facts that could be agreed upon, the contentions of the parties and the issues of fact and law resulting therefrom. This procedure was agreed to upon the condition and with the understanding that the

United States Attorney by so participating would not thereby waive his special appearance on behalf of the United States of America and the Secretary of the Interior.

On March 18, 1959 in pursuance of said conference and the court's request an approved pretrial order was entered wherein it appeared there were no disputed issues of fact. Both parties thereupon moved for summary judgment.

It is admitted that the United States is constructing and operating the Columbia Basin Project and delivering water belonging to it through its facilities to eligible farm units.

Congress by Act of August 30, 1935 (49 Stat. 1028) authorized the construction of Grand Coulee Dam and the Grand Coulee Dam Project. The Columbia Basin Project Act of March 10, 1943 (57 Stat. 14), Title 16 U.S.C.A. § 835 et seq., authorized and reauthorized the Grand Coulee Dam Project, thereafter known as the Columbia Basin Project, as a project subject to the Reclamation Project Act of 1939, 43 U.S.C.A. §§ 387, 485 et seq.

Under the provisions of the latter two acts as originally passed and later amended the United States has entered into a Repayment Contract with the Columbia Basin Irrigation District (copy

---

ership limitation of the family of which the child is a member. As to (3), the motion to dismiss, I may consider only the allegations of the complaint, and there is no mention therein of Farm Unit 28 in Block 46, acquired August 15, 1957, and placed in trust for a minor child of the plaintiffs. An examination of the file discloses that in affidavits submitted by the parties, undisputed facts appear on which the question could be decided, but they are not a part of the complaint.

"Rule 12(b) of the Rules of Civil Procedure [28 U.S.C.A.] in effect provides that, if on a motion to dismiss for failure of the complaint to state a claim upon which relief can be granted, matters outside the complaint are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material

made pertinent to such a motion by Rule 56. I propose to treat defendant's motion to dismiss as a motion for summary judgment and in so doing will consider the undisputed facts disclosed by all of the affidavits submitted, including those in support of and in opposition to the application or motion for a temporary injunction.

"As stated above, I think the essential facts now appear in the file and the briefs appear to be comprehensive and adequate. I am not, therefore, requiring, or even suggesting that either party submit any additional material, either factual or legal. However, in accordance with the requirements of Rule 12(b), both plaintiff and defendant shall have to and including September 9, 1958 in which to present any material made pertinent to a motion for summary judgment by Rule 56."

appearing as Exhibit B attached to affidavit of defendant Nalder filed in support of motion to vacate temporary order) and recordable contracts with landowners having lands within the Columbia Basin Irrigation District, as also authorized under Chapter 275, Laws of Washington, 1943 (copy of Long Form Recordable Contract appearing as Exhibit C attached to affidavit of defendant Nalder filed in support of motion to vacate temporary order and copy of amendatory recordable contract as executed by plaintiffs with respect to the farm units involved herein appearing as Exhibit A attached to the pretrial order). The applicability of certain provisions of the above-mentioned contracts to the controversy here involved is indicated in paragraphs 10, 11, 12 and 14 of the admitted facts in the pretrial order. The so-called recordable contracts with land owners provide that the owner's land will become eligible to receive water for irrigation upon compliance with certain conditions as set forth.

An examination of the statutes authorizing the project and the contracts referred to as well as the fact that the United States has expended hundreds of millions of dollars in the construction of Grand Coulee Dam and the Columbia Basin Project, which fact may be judicially noticed, establish beyond any question that the water and the facilities through which it is made available belong at this time to the United States and further that it shall not be made available to land within the project unless exacting and specific requirements are met and maintained. It is true that in this suit the particular question in dispute is the interpretation of the 1957 amendatory statute, Public Law 85–264 (71 Stat. 590), relating to the number of irrigable acres of land that may be eligible for water to an owner "family". However, the United States is most certainly concerned with how its contracts as well as the Acts of Congress providing for the distribution of its resources are to be construed. As Mr. Justice Holmes stated in the suit of State of Louisiana

v. Garfield, 211 U.S. 70, 29 S.Ct. 31, 33, 53 L.Ed. 92, wherein the State of Louisiana sought to sue the Secretary of the Interior to establish title to certain lands, after discussing certain arguments advanced by the parties, the case "raises questions of law and of fact upon which the United States would have to be heard."

While here the plaintiffs have filed their suit against P. R. Nalder, Project Manager, Columbia Basin Project, individually, the relief sought would compel him to grant plaintiffs' application for water and thereby make available to them water and facilities for its delivery which belong to the United States. Furthermore, the relief requested would require defendant to grant an application for water in excess of his delegated authority as granted him by his superior. (See Exhibit C attached to pretrial order.)

Whether an action is one against the sovereign is determined not by the party named as defendant but by the effect of the decree that may be entered. Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628; Mine Safety Appliances Co. v. Forrestal, 326 U.S. 371, 694, 66 S.Ct. 219, 90 L.Ed. 140; Ogden River Water Users' Ass'n v. Weber Basin Water Conservancy, 10 Cir., 238 F.2d 936. Further, as to the necessity of joining the Secretary of the Interior it does not matter if the approach is indirect if the thrust of the suit which names a subordinate is in actuality against the Secretary and his administrative regulations the Secretary is an indispensable party. Stroud v. Benson, 4 Cir., 254 F.2d 448.

Plaintiffs contend that defendant has exceeded his statutory authority in the computation of total eligible acreage which can be held by a "family" when computing the 320 acre land limitation of the Columbia Basin Project Act as amended September 2, 1957 and insist that this court has jurisdiction of a suit filed against the Project Manager individually under the law as established in

the cases of State of Colorado v. Toll, 268 U.S. 228, 45 S.Ct. 505, 69 L.Ed. 927; Williams v. Fanning, 332 U.S. 490, 68 S.Ct. 188, 92 L.Ed. 95; and American School of Magnetic Healing v. McAnnulty, 187 U.S. 94, 23 S.Ct. 33, 47 L.Ed. 90. They also rely on the more recent cases of Ceballos v. Shaughnessy, 352 U. S. 599, 77 S.Ct. 545, 1 L.Ed.2d 583, and Shaughnessy v. Pedreiro, 349 U.S. 48, 75 S.Ct. 591, 99 L.Ed. 868. However, in none of the cited cases would the relief or decree sought expend or impinge itself upon government property or resources. The court in Larson v. Domestic & Foreign Commerce Corp., supra, in recognizing the principle followed in the cases cited by plaintiffs, that a government official cannot claim immunity from injunction process when acting in excess of his authority or under authority not validly conferred noted that the rule would not apply to a case such as this. On page 691 of 337 U.S., on page 1462 of 69 S.Ct. in footnote 11 the court stated:

"Of course, a suit may fail, as one against the sovereign, even if it is claimed that the officer being sued has acted unconstitutionally or beyond his statutory powers, if the relief requested cannot be granted by merely ordering the cessation of the conduct complained of but will require affirmative action by the sovereign or the disposition of unquestionably sovereign property. State of North Carolina v. Temple, 1890, 134 U.S. 22, 10 S.Ct. 509, 33 L.Ed. 849."

It may be urged that in State of Colorado v. Toll, supra, the court refused to consider a possible contention by the defendant that the relief there sought would interfere with property rights arising by a cession from the State of Colorado. However, this issue was carefully considered as appears from the last paragraph of the court's decision [268 U.S. 228, 45 S.Ct. 506]:

"It is said, although it does not appear in the record, that the decision below was based upon Robbins v. United States, 8 Cir., 284 F. 39, in which these regulations were held to be justified by a cession from the State. But the alleged cession is not in this record and the State denies it in the bill. In its argument it maintains that the Acts relied upon by the superintendent do not have the scope attributed to them and asserts that if they had purported to go so far they would have been without authority. The State is entitled to try the question and to require the alleged grant to be proved. As the case can be dealt with more satisfactorily when the exact facts are before the Court we go into no more elaborate discussion now."

■ To adopt and paraphrase the language of Mr. Justice Black in the case of Mine Safety Appliances Co. v. Forrestal, supra, the conclusion is inescapable that this suit is essentially one to reach water and facilities for its transportation owned by the government. Under these circumstances the government is an indispensable party.

It is also the opinion of the court that the Secretary of Interior is an indispensable party. See Moody v. Johnston, 9 Cir., 66 F.2d 999; Moore v. Anderson, 9 Cir., 68 F.2d 191; Neher v. Harwood, 9 Cir., 128 F.2d 846, 158 A.L.R. 1116.

It appears clear to me that this court does not have jurisdiction to grant the relief sought and defendant's motion for summary judgment must be granted.

An order granting defendant's motion may be presented to me in Seattle, Washington within ten days from the date of this memorandum.