**Linda Cal WOODS, a minor by her father and next friend, Rev. Calvin Woods, Appellant,**

v.

**Theo R. WRIGHT, Superintendent of Schools of the City of Birmingham, Alabama, Appellee.**

**No. 20875.**

United States Court of Appeals Fifth Circuit.

July 20, 1964.

370

Orzell Billingsley, Jr., Birmingham, Ala., Herbert O. Reid, Sr., Washington, D. C., Arthur D. Shores, Birmingham, Ala., Constance B. Motley, Jack Greenberg, George B. Smith, New York City, for appellant, Leroy D. Clark, New York City, of counsel.

Reid B. Barnes, William G. Somerville, Jr., Birmingham, Ala., for appellee, Lange, Simpson, Robinson & Somerville, Birmingham, Ala., of counsel.

Before RIVES and JONES, Circuit Judges, and BOOTLE, District Judge.

JONES, Circuit Judge.

The appellant, Linda Cal Woods, a Negro girl living in Birmingham, Alabama, was a pupil in Washington School, a public school of that City. She brought suit on May 21, 1963, in the United States District Court, by her father and next

friend, Calvin Woods, for herself and others similarly situated, against Theo R. Wright, Superintendent of Schools of the City of Birmingham. The complaint alleges that Linda Cal Woods participated in a peaceful demonstration against racial segregation on May 4, 1963, which was a Saturday and a school holiday. She was arrested and charged under Section 1159 of the Code of the City of Birmingham[1] with parading without a license. On May 20, 1963, Linda Cal Woods was given a letter at her school directed to her father, Calvin Woods, signed by the school principal, suspending Linda and stating that she was requested not to return to school for the remainder of the school term. The letter stated that the action was taken under the terms of a letter to the principal from the Superintendent, who was the defendant below and is the appellee here. The letter from the Superintendent to the principal and from him to the father are set forth in the district court's order. See note 2 *infra*.

The complaint charged that Linda Cal Woods, and others of her class, were expelled without any hearing and opportunity to defend against "the right not to be arbitrarily expelled from the public school." Deprivation of due process and of equal protection by the expulsion are asserted. The complaint recited that the school term would end on May 31, 1963, and unless the enforcement of the expulsion order be promptly restrained there would be no other speedy or adequate remedy available, and such other remedies as might be had would be uncertain and insubstantial. The court was asked to enjoin the Superintendent from:

1. Continuing to enforce and carry into effect the order of the Board of Education of the City of Birmingham, Alabama of May 20, 1963, directing the expulsion or suspension of the minor plaintiff and other pupils similarly situated from school.

2. Refusing to reinstate the minor plaintiff and all other pupils similarly situated as pupils with the same rights, privileges and immunities which attached to their status as pupils prior to such suspension or expulsion.

3. Refusing to expunge any notation of the dismissal from the permanent school record of any student expelled or suspended pursuant to the order issued by the Board of Education May 20, 1963.

4. Penalizing or taking any other disciplinary action against the members of the class in connection with said order.

By a motion filed on the same day as the complaint, the plaintiff sought, by temporary restraining order pending a hearing on a preliminary injunction, and by preliminary injunction pending final hearing, the same relief *pendente lite* as was prayed for in the complaint. An-

1. "It shall be unlawful to organize or hold, or to assist in organizing or holding, or to take part or participate in, any parade or procession or other public demonstration on the streets or other public ways of the city, unless a permit therefor has been secured from the commission.

"To secure such permit, written application shall be made to the commission, setting forth the probable number of persons, vehicles and animals which will be engaged in such parade, procession or other public demonstration, the purpose for which it is to be held or had, and the streets or other public ways over, along or in which it is desired to have or hold

such parade, procession or other public demonstration. The commission shall grant a written permit for such parade, procession or other public demonstration, prescribing the streets or other public ways which may be used therefor unless in its judgment the public welfare, peace, safety, health, decency, good order, morals or convenience require that it be refused. It shall be unlawful to use for such purposes any other streets or public ways than those set out in said permit.

"The two preceding paragraphs, however, shall not apply to funeral processions."

nexed to and in support of the motion was an affidavit of Calvin Woods, reciting the regular attendance of his daughter at Washington School, her participation in the demonstration, her arrest and her suspension. On the following day another affidavit of Calvin Woods was filed in which was recited the expense and difficulties that would be met if his daughter should attempt to enroll in summer school. The affidavit noted that high school students, members of the class, who had been expelled or suspended would be denied diplomas or certificates. On the day of its filing, the motion for a temporary restraining order was denied, and notice of appeal from the order of denial was promptly filed. The views which we take of this case and of the disposition to be made of it make it desirable that the order of the district court be set forth in the margin.[2] After the

2. "This motion for temporary restraining order and or preliminary injunction has been presented to the Court and considered by the Court on the pleadings and brief oral argument due to the fact that the Court has had to interrupt a heavy docket which has been set for some months in order to give consideration to this matter. This is a class action brought by the named plaintiff. Linda Cal Woods, a minor, by her father and next friend, Rev. Calvin Woods, on behalf of herself and all other Negro children formerly enrolled in the public schools of Birmingham, Alabama, who are similarly situated.

"On May 20, 1963, Theo R. Wright, Superintendent of Education of the City of Birmingham, Alabama, addressed a letter to Mr. Wayman Matherson, Principal of the Washington School, advising him as follows:

" 'Attached to this letter is a list of your pupils recently arrested for parading without a permit. As you know, the policy of the Board of Education has been immediate suspension or expulsion of students who have been arrested for any offense until proper hearings can be conducted for such pupils.

" 'Due to the fact that there is not enough time remaining during the present school session to have trials of all of these students, the Board of Education, on Friday, voted to make an exception to its policy in these cases by following the procedure outlined below:

" 'Students whose names are on this list who are sixteen years old or older shall be immediately expelled for the balance of this term. Students whose names appear on the list who have not yet reached the age of sixteen shall be immediately suspended for the balance of the term. These expulsions and suspensions should be recorded on the pupil's permanent record or course card.

" 'The Board of Education then voted to permit students to make application for summer school beginning Monday, June 3, so that they could make up the time lost and receive credit for this year's work. Those who do not enter summer school will be permitted to re-enter school in the Fall but will have to complete the full grade or semester from which they were suspended or expelled.'

"With all due deference to Dixon v. Alabama State Board of Education [5 Cir.], 294 F.2d 150, and Knight v. State Board of Education [D.C.], 200 F.Supp. 174, this Court does not feel that the facts involved in this case are such as to make the Dixon and Knight cases controlling here.

"The children in all of the high schools of the City of Birmingham were cautioned by their principal and teachers not to deliberately cut classes and stay away from school during these few short weeks before final examinations. and these cautions were published in the newspapers for two days. Some children undoubtedly of their own free will and accord refused to obey these instructions. Others may have stayed away from school or may have been kept at home by their parents due to fear or due to threats of violence and many others may have simply been persuaded by people who are experts in the field to stay away from school in defiance of the school's rules and regulations and serve the purpose of those who wish to exploit them. This Court was shocked to see hundreds of school children ranging in age from six to sixteen running loose and wild without direction over the streets of Birmingham and in the business establishments. It is due to the patience and good judgment of the people of Birmingham and the police officials particularly that no one was seriously injured on May 7, 1963, when the demonstrators were allowed by the police department and city officials of Birmingham to parade within a certain designated area, and the hundreds of school children in the parade refused to stay within the boundaries of the parade area, broke through the police and for some forty-five

notice of appeal was filed, a further order was made by adding a provision that the motion for a preliminary injunction would be heard at the earliest possible moment. Application was then made to the Chief Judge of this Court for an injunction pending appeal. The injunction was granted, and the Superintendent and all persons in concert with him were enjoined from continuing to enforce and carry into effect the order issued by letter on May 20, 1963, by which the named plaintiff, Linda Cal Woods, and others of her class, were suspended or expelled from the Birmingham Public Schools. The injunction was made effective until the determination of this appeal on the merits or until the further order of the Court.

The appellee has made a motion to dismiss the appeal for want of an appealable order, and a motion to dissolve the injunction pending appeal or, in the alternative, to modify the injunction. Both motions were carried with the case.

Our first concern is with the jurisdictional question. An order denying a temporary restraining order is not, as a general rule, a final decision and appealable as such under 28 U.S.C.A. § 1291. Nor is such an order reviewable as one refusing an injunction under 28 U.S.C.A. § 1292. Connell v. Dulien Steel Products, 5th Cir. 1957, 240 F.2d 414. The appellant urges, with much plausibility, that the action of the district court was in fact the refusal to grant a preliminary injunction since the appellee was represented at the hearing. However, at the hearing, both the appellant and the district court regarded the matter submitted and acted upon as an application for a temporary restraining order and not as a preliminary injunction. If the suspension and expulsion order had remained in effect until an application for a preliminary injunction had been heard and acted upon, the school term would have expired. Linda Cal Woods and others of the class would not have been promoted or graduated and

---

minutes ran wild over the City of Birmingham.

"This Court cannot conceive of a Federal Court saying to the Board of Education of the City of Birmingham, made up of dedicated, courageous, honorable men that they should take no action under the circumstances and that the children who deliberately failed to attend school for some several days should not in any way be punished or penalized. White students in recent weeks have been suspended or expelled from the Birmingham high schools for similar or lessor offenses. The problems of the school board are always weighty. This Court can see that in the near future they will become more so; in fact, almost overburdening. This Court feels that the Board of Education of the City of Birmingham in its disciplinary problems deserves no interference from this Court so long as it stays within reasonable bounds. The Court has been assured by the Board of Education that proper officials are presently in the process of giving each and every student who has been notified that he has been suspended or expelled a speedy, fair and comprehensive hearing, that the students have been notified of the specific charges brought against them

which, if proven, would justify discipline or expulsion under the regulations or policy of the Board of Education.

"This Court has been advised that the suspension or expulsion of no child will be upheld by the school Board, after a hearing, due to prejudice, anger or in retaliation.

"The Court feels that this is borne out by the fact that the school Board in adopting its policy at the same time stipulated that all students, whether expelled or suspended, would be allowed to make up the work that they had lost in summer school. Many of these children had lost a good many days in school and would have had to make up this work in summer school anyway. Furthermore, the Court finds that suspension, pending a hearing and opportunity to make up the work in the summer in any event is not unduly harsh under the circumstances, taking into consideration the necessity of maintaining the morale and efficient operation of the school system.

"It is, therefore, at this time, Ordered, Adjudged and Decreed that plaintiff's motion for a temporary restraining order be, and the same is hereby denied."

the claims asserted would have become nearly if not altogether moot. This Court considered the question in United States v. Wood, 5th Cir. 1961, 295 F.2d 772, cert. den. 369 U.S. 850, 82 S.Ct. 933, 8 L.Ed.2d 9. In that case the Court reviewed decisions allowing appeals from orders, not otherwise final, where rights might be irreparably lost and the cause mooted if the right to appeal was denied. There it was said:

> "On the basis of these cases, we feel that the Supreme Court has approved a practical construction of section 1291 and that an order, otherwise nonappealable, determining substantial rights of the parties which will be irreparably lost if review is delayed until final judgment may be appealed immediately under section 1291. We, therefore, determine the denial of the temporary restraining order to be a final decision, appealable under 28 U.S.C.A. § 1291." 295 F.2d 772, 778. Cf. 62 Col.L.Rev. 901; 76 Harv.L.Rev. 638.

On the basis of this precedent we determine the denial of the temporary restraining order to be a final and appealable decision. The motion to dismiss for lack of jurisdiction will be denied.

■ The Superintendent urges that the action should be dismissed because it has been improperly brought as a class action, and asserts that the suit is not based upon any claim of racial discrimination of a class. Our reading of the complaint is different. It is alleged that Negro school children participated in a peaceful demonstration against racial segregation, were arrested for violating a city ordinance against parading without a license, and were suspended or expelled from school, because of their arrest, without a hearing and under such circumstances as would result in irreparable injury in the absence of injunctive relief. The complaint, which was doubtless prepared in haste and under pressure, was none too artfully drawn but was sufficient to invoke the jurisdiction of the court as a class action.

■■ The Superintendent makes the point that there is an absence of indispensable parties in that the suspension was made by the Superintendent at the direction of the Board of Education and it or its members are indispensable parties. We do not here foreclose this question, and it may be that when it is presented to and considered by the district court, the conclusion may be reached that the Board should be made a party defendant. In the present posture of the case we have no doubt as to the power of the court to lay a restraining hand upon the officer who issued the order. The validity of the suspensions and expulsions is challenged. Where the direction of a superior to a subordinate has been illegally given, the latter may be restrained without joinder of the former. Yearsley v. W. A. Ross Construction Co., 309 U.S. 18, 60 S.Ct. 413, 84 L.Ed. 554; State of Colorado v. Toll, 268 U.S. 228, 45 S.Ct. 505, 69 L.Ed. 927.

■ The appellant has specified as error that (a) the suspensions and expulsions without notice or hearing violated due process rights, (b) that the Superintendent's directive is a restraint upon First and Fourteenth Amendment rights of liberty of expression, and (c) that the suspension is a denial of due process because it results from an alleged violation of an unconstitutional ordinance. These questions, we think, are not properly before us for decision. The case comes to us on appeal from the refusal of the district court to grant a temporary restraining order. Our holding that this order has finality of a kind which gives it appealability, does not make the district court's ruling dispositive of the case or operative as a final judgment. These issues are, in the first instance, for the district court.

■ We are fully aware of the reluctance with which Federal Courts should contemplate the use of the injunctive power to interfere with the conduct of state officers. But when there is a deprivation of a constitutionally guaranteed right the duty to exercise the

power cannot be avoided. See Dixon v. Alabama State Board of Education, 5th Cir. 1961, 294 F.2d 150, cert. den. 368 U.S. 930, 82 S.Ct. 368, 7 L.Ed.2d 193. Where there is a clear and imminent threat of an irreparable injury amounting to manifest oppression it is the duty of the court to protect against the loss of the asserted right by a temporary restraining order. We think such an order should have been entered in this cause by the district court.

By a supplemental brief the Superintendent urges that the case has become moot and has represented to us on behalf of the Board of Education that no student will be disciplined solely on the ground that he was arrested during demonstrations in Birmingham in May, 1963, on the charge of parading without a permit; that no disciplinary action will be taken against any student for his conduct in May, 1963, unless for truancy; that no discipline will be imposed without adequate notice and an opportunity for a fair hearing; and that no discipline will be invoked against any student who has graduated from high school. These statements we take as evidencing a good faith desire to recognize and concede the constitutional rights for which the appellants contend. They are not matters with which we can deal. Perhaps they might be the subject matter of discussions looking toward a consent decree.

The Superintendent also urges that the stay order should be dissolved because it spent itself when the term of school ended. To the extent that the order directed the Superintendent to revoke his order of suspension and permit the affected students to return to school this may be true, but that portion of the order enjoining the Superintendent from enforcing and carrying into effect the order of the Board of Education has not become moot. The Superintendent asks that the injunction be modified so as to permit students to be disciplined. The Board's order relates only to students arrested for parading without a permit. The complaint alleges no claim as to punishment for truancy. The stay order does not in any way interfere with any discipline for truancy. To be sure, discipline for truancy or for any other wrongdoing cannot be made an instrument of racial discrimination or imposed for asserting a constitutional right or privilege. Assuming, as we do, that the assurances made on behalf of the Superintendent and the Board are in good faith there is nothing to fear on this score. The stay order, by its terms, is in effect only until the determination of the appeal, so we do not act upon the motion to dissolve or modify.

The order denying a temporary restraining order will be reversed, and upon receipt of the mandate of this Court, a temporary restraining order will be entered by the district court enjoining, until its further order, Theo R. Wright, Superintendent of Schools of the City of Birmingham, his agents, employees, subordinates, successors, and all persons in active concert with him from enforcing and carrying into effect the order of the Board of Education issued by letter on May 20, 1963, which suspended or expelled the Negro minor plaintiff, Linda Cal Woods, and other pupils of the named class who received said letter, for parading without a permit. It will not be inappropriate to say, at this juncture, that if the facts recited in the affidavit of Calvin Woods and filed in the district court on May 21, 1963, are established, the plaintiffs will be entitled to a preliminary injunction of substantially the same tenor as the preliminary injunction until the final disposition of the cause.

The order from which this appeal has been taken is reversed and the cause is remanded for further proceedings consistent herewith.

Reversed and remanded.