**W. B. FISHBURN CLEANERS, INC.**

v.

**ARMY & AIR FORCE EXCHANGE
SERVICE et al.**

**No. CA 3–7964–B.**

United States District Court,
N. D. Texas,
Dallas Division.

April 3, 1974.

Paul D. Hoover, Locke, Purnell, Boren, Laney & Neely, Dallas, Tex., for plaintiff.

Charles D. Cabaniss, Asst. U. S. Atty., Dallas, Tex., for defendant.

## MEMORANDUM OPINION

HUGHES, District Judge.

Plaintiff in the above styled and numbered cause by its Complaint alleges the procedure whereby the ARMY & AIR FORCE EXCHANGE SERVICE ("AAFES") solicited bids for a dry cleaning concession contract at Carswell Air Force Base together with the award of that contract to defendant RICHARD A. BAITHER d/b/a COMET CLEANERS " . . . were unlawful . . . unauthorized and capricious . . . " amounting to a denial of due process and of the liberty to contract. The relief sought is wholly equitable in nature.

The pleadings filed to date necessitate a threshold inquiry by this Court into the issues of jurisdiction, standing, and relevant causes of action.

■ There is no jurisdiction under the Tucker Act, 28 U.S.C. § 1346(a)(2). The Tucker Act is specifically restricted to cases in which the plaintiff sues for money damages not in excess of $10,000. The action must be for money damages and no jurisdiction lies when plaintiff only seeks declaratory or other equitable relief. *See* Wells v. United States, 280 F.2d 275 (9th Cir. 1960); Blanc v. United States, 244 F.2d 708 (2nd Cir.), cert. den. 355 U.S. 874, 78 S.Ct. 126, 2 L.Ed.2d 79 (1957).

The Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706 (1970), authorizes judicial review over certain types of "agency action." Whether this court can review the concession contract bid solicitation procedure at issue demands an initial determination of whether AAFES is an "agency" within the meaning of the Act.

The term "agency" is defined in 5 U. S.C. § 701(b)(1) (1970) as:

. . . each authority of the Government of the United States, whether

or not it is within or subject to review of another agency . . .

In 1942, the Supreme Court declared Post Exchanges to be:

. . . arms of the Government deemed by it essential for the performance of governmental functions . . . and partake or whatever immunities it may have under the Constitution and federal statutes.

Standard Oil Co. v. Johnson, 316 U.S. 481, 62 S.Ct. 1168, 86 L.Ed. 1611 (1942). Although the name has changed, AAFES is a modern day "post exchange," 32 C.F.R. 554.7, remaining thereby in the same legal classification as established by *Standard Oil*.

■ As an "arm of the government," the inquiry becomes whether AAFES has sufficient "authority" to justify classifying it as an "agency" under the APA. The "test" is whether AAFES has:

. . . the authority to act with the sanction of the government behind it . . . . The form the agency takes, or the function it performs are not determinative of the question of whether it is an agency.[1]

Lassiter v. Atkinson, 176 F.2d 984, 991 (9th Cir. 1949); Kam Koon Wan v. Black, 188 F.2d 558 (9th Cir.), cert. den. 342 U.S. 826, 72 S.Ct. 49, 96 L.Ed. 625 (1951). *See also* M. VOLZ, FEDERAL PRACTICE MANUAL, Sec. 56.

■ That AAFES acts with the "sanction of the government behind it" is evident by an examination of the Tucker Act, 28 U.S.C. § 1346(a)(2), and the Supplemental Appropriations Act, 31 U.S.C. § 724a (1972). Under the Tucker Act, an express or implied contract with AAFES is construed to be an express or implied contract with the United States. Moreover, under the Supplemental Appropriations Act, any judgment or settlement arising out of

---

1. Both the APA and the federal judiciary are silent on the issue of what constitutes sufficient "authority" to make an "entity" an "agency" within the APA. Although both *Lassiter* and *Kam Koon Wan* involve actions

under the Portal-to-Portal Act, 29 U.S.C. §§ 251–262 (1970), the test employed therein appears by theory and practice well suited for the APA.

an express or implied contract with AAFES is to be paid by the United States from funds appropriated from its Treasury, subject to reimbursement by AAFES.

■ By contending in 32 C.F.R. 554.6 that it is " . . . entitled to the immunities and privileges enjoyed by the Federal Government . . . " and that law suits " . . . by or against AAFES are in legal effect suits by or against the United States . . .," AAFES is now estopped to assert that it is not an authority of the government.

As an agency within the scope of the APA, AAFES becomes subject to the two judicial review sections of the Act: Section 702 and Section 704.

Section 702 establishes a right of judicial review to any person:

. . . suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, . . .

As to plaintiff's allegation of a right to review under this section, the Supreme Court has recently summarized a two step standing test. Sierra Club v. Morton, 405 U.S. 727, 92 S.Ct. 1361, 31 L. Ed.2d 636 (1972).

■ First, the plaintiff must allege that the challenged action by the subject agency caused it an " . . . injury in fact . . . ." 405 U.S. at 733, 92 S. Ct. 1361. Such an injury can be economic as in the loss of future profits. Data Processing Service v. Camp, 397 U.S. 150, 152, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970).

Second, the alleged injury must be one to an interest " . . . arguably within the zone of interests to be protected or regulated . . . " by a statute that the agency is claimed to have violated. 405 U.S. at 733, 92 S.Ct. at 1365.

The concession bid solicitation was conducted pursuant to 32 C.F.R. 554.9 which reads in pertinent part:

Exchange procurement will be conducted on the basis of full and free competition to the maximum extent possible . . . .

■ Although defendants acknowledge this regulation carries the force and effect of law, Brief in Support of Motion to Dismiss or for Summary Judgment, Page 10, Section 702 nonetheless requires a "relevant statute," i. e.: a statute that creates a zone of interest the agency is claimed to have violated.

By virtue of its 1965 amendment, 41 U.S.C. § 252 (1970), when read in conjunction with 41 U.S.C. § 253 (1970), is a "relevant statute" within the meaning of Section 702 of the APA.

Under Section 252(a), "[e]xecutive agencies shall make purchases and contracts for property and services . . . " in accordance with the provisions of Title 41, Chapter 4, United States Code. Pursuant to Section 252(c), unless otherwise exempt, all such purchases and contracts " . . . shall be made by advertising, as provided in section 253 . . .," which reads in part:

The advertisement for bids . . . shall permit such full and free competition as is consistent with the procurement of types of property and services . . . .

It is the gravamen of plaintiff's Complaint that the concession bid solicitation procedure precluded full and fair competition. Therefore, if AAFES comes within the scope of 41 U.S.C. § 252 (1970), then this plaintiff as an unsuccessful bidder would come within the class of persons intended to be protected by Section 252 and, thereby, would satisfy the second element of the standing test.

■ The threshold issue is whether AAFES is an "executive agency." Neither Chapter 4 of Title 41 nor the legislative history to the amended Section 252 define the term "executive agency." That term is defined, however, in 5 U. S.C. § 105 (1970) to include any "independent establishment," a term itself defined in 5 U.S.C. § 104 (1970). AAFES comes within the definition of an "inde-

pendent establishment" for purposes of Title 5. Absent legislative intent to narrow or otherwise change the meaning of the term "executive agency" as set forth in Title 5 from that utilized in Title 41, Chapter 4, the terms will be construed as being synonymous and AAFES subject to Section 252.

■ There remains the question of whether AAFES is specifically exempt from Section 252 pursuant to subsection (a)(1) which excludes from Chapter 4 the Department of Defense, the Coast Guard, and NASA. The House Report accompanying the amendment to section 252 makes clear that the reason these agencies are exempt is because they are already covered by the Armed Services Procurement Act, 10 U.S.C. §§ 2301–2314 (1970). H.R.Rep.No.1166, 89th Cong., 2st Sess. (1965), 2 U.S.Code Cong. & Admin.News, pp. 4217, 4218 (1965). AAFES, however, is not subject to that Act because it is operated out of nonappropriated funds, 10 U.S.C. § 2303 (1970), and, therefore, does not fit into the class of agencies intended to be exempt from Chapter 4.

In construing AAFES to be an executive agency subject to the solicitation standards imposed in Title 41, Chapter 4, this Court is guided by the Congressional motivation in amending Section 252:

> The primary purpose of this bill is to make the modern code of procurement procedures . . . directly applicable by statute to executive agencies of the Government not now so covered . . . .

H.R.Rep.No.1166, 89th Cong., 1st Sess. (1965), 2 U.S.Code Cong. & Admin. News, p. 4217 (1965).

Defendants, without acknowledging the applicability of Section 252, assert that Perkins v. Lukens Steel, 310 U.S. 113, 60 S.Ct. 869, 84 L.Ed. 1108 (1940) denys to unsuccessful bidders standing to contest the bid solicitation procedures employed by a federal agency. This argument must be rejected.

Initially, *Perkins* can be distinguished on its facts as involving steel companies that, *prior to submitting bids,* contested a requirement in the proposed solicitation form that would have established certain minimum wage guidelines for bidders. In this case, plaintiff has participated in contract bidding and lost. It is plaintiff's allegation that the bidding requirements under which it participated are discriminatory and in violation of a "legal right." Both elements were absent in *Perkins*.

Moreover, in *Perkins* the plaintiffs lacked standing because they could not show " . . . an injury or threat to a particular right of their own. . . . " 310 U.S. at 125, 60 S.Ct. at 876. *See also* Overseas Media Corp. v. McNamara, 128 U.S.App.D.C. 48, 385 F.2d 308, 314 n. 11 (1967). The statute relied upon in *Perkins* was R.S. 3709 *quoted at* 310 U.S. at 126 n. 12, 60 S.Ct. 869 (currently codified as 41 U.S.C. § 5). In the case at bar, however, Section 252 creates for bidders a right to a full and fair competition. It is this right, absent in *Perkins,* that restricts *Perkins* to its facts and precludes its operation in this cause. *See* Scanwell Laboratories, Inc. v. Shaffer, 137 U.S.App.D.C. 371, 424 F.2d 859 (1970), reh. den.; Overseas Media Corp. v. McNamara, *supra*.

Finally, the APA, 5 U.S.C. §§ 701–706 (1970), was enacted after *Perkins* and, by its own language, permits judicial review of any agency action within the scope of the Act unless review is specifically precluded by statute, 5 U.S.C. § 701(a)(1) (1970). There is no statutory restriction applicable to Title 41, Chapter 4.

■ In ruling that plaintiff has standing under Section 702 of the APA, this court rejects the argument that the agency action at issue " . . . is committed to agency discretion by law . . . " and, therefore, exempt from the APA under Section 701(a)(2). Although the decision to establish AAFES is discretionary with the Secretary of the Army and the Secretary of the Air

Force, once established AAFES becomes subject to the nondiscretionary duties imposed by 41 U.S.C. § 252 et seq. (1970).

The right to judicial review of AAFES action under Section 702 is distinct, however, from the issue of jurisdiction for Section 702 of the APA is not jurisdictional. *See* Zimmerman v. United States, 422 F.2d 326 (3rd Cir. 1970), cert. den. 399 U.S. 911, 90 S.Ct. 2200, 26 L.Ed.2d 565, reh. den. 400 U.S. 855, 91 S.Ct. 26, 27 L.Ed.2d 93. Nor does 41 U.S.C., Chapter 4 vest this Court with jurisdiction.

■■■ Insofar as plaintiff asserts a cause of action under 5 U.S.C. § 702 (1970) and does not seek money damages, then jurisdiction may only lie under 28 U.S.C. § 1361.

■■■ There is an alternative cause of action within the APA under Section 704, which reads in pertinent part:

Agency action made reviewable by statute *and* final agency action for which there is no other adequate remedy in a court are subject to judicial review. (Emphasis added)

This bifurcated application of the APA was recognized by the Supreme Court in Abbott Laboratories v. Gardner, 387 U. S. 136, 140, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967).

In addition to eliminating the requirement that plaintiff establish a "relevant statute," Section 704 is jurisdictional in application. Bradley v. Weinberger, 483 F.2d 410, 413 (1st Cir. 1973).

■■■ Under the facts as alleged, there can be no doubt as to the finality of AAFES's conduct. Moreover, the government itself asserts that plaintiff has no remedy in any court. According-ly, this action fits within the "four corners" of Section 704.

More importantly, assuming plaintiff's allegations to be true, the conduct complained of is the type that Congress intended to expose to judicial scrutiny through the APA. Whether AAFES can structure a concession contract bid solicitation procedure so as to eliminate competition by the existing contract holder is an issue too fundamental to be outside the scope of the APA.

Action challenged as a denial of due process—whether substantive in the sense of being arbitrary or by capricious classification, or procedural in the sense of denying minimum safeguards—could be immune from judicial review, if ever, only by the plainest manifestation of congressional intent to that effect.

Gonzalez v. Freeman, 118 U.S.App.D.C. 180, 334 F.2d 570 (D.C.C.1964). Such intent is missing.

■■■ The final inquiry is whether plaintiff has the necessary party defendants. Insofar as plaintiff seeks to have new bids solicited, then the person who was awarded the concession contract is certainly a necessary party. Additionally, the officers of AAFES subject to a mandamus under 28 U.S.C. § 1361 are necessary parties. The United States of America is also a necessary party as liability upon any contract involving AAFES is initially upon the United States. AAFES, however, is not a government corporation or other entity having a legal status. As previously noted, in law suits arising out of contracts entered into by AAFES, it is the United States that is the proper defendant and against whom any judgment is assessed and paid, subject to reimbursement by AAFES. The same principle is applicable in this litigation.