**ELLSWORTH BOTTLING COMPANY,
a corporation, Plaintiff,**

v.

**UNITED STATES of America et
al., Defendants.**

**Civ. No. 75–0365–D.**

United States District Court,
W. D. Oklahoma,
Civil Division.

Sept. 24, 1975.

C. E. Wade, Jr., Lawton, Okl., for plaintiff.

William F. Bronson, Associate Gen. Counsel, Chief, Procurement Law Branch, Dallas, Tex., William R. Burkett, U. S. Atty., Oklahoma City, Okl., for defendants.

## ORDER

DAUGHERTY, Chief Judge.

In this action Plaintiff challenges the procedure whereby the Army and Air Force Exchange Service (AAFES) solicited and awarded contracts for soft drink vending machine concessions at Ft. Sill, Oklahoma and Altus Air Force Base, Oklahoma. Both of these installations are located within this Judicial District. Also named as Defendants are the United States, Jim Uechi, Contracting Officer for the AAFES, and Major General C. W. Hospelhorn, Commanding General of the AAFES. Jurisdiction is alleged under 28 U.S.C. § 1346(a)(2) and 5 U.S.C. § 702.

It appears from the Complaint that in past years Plaintiff has provided a portion of the soft drink vending machines located at Ft. Sill and Altus Air Force Base. In 1974 AAFES changed its policy and wanted to secure a single source of soft drink vending machines at these two installations. Accordingly, it issued a solicitation through its Contracting Officer. Plaintiff was unable to bid on the solicitation as it lacked the capital with which to secure additional machines to service all of both installations. The contract under the solicitation was awarded to one of Plaintiff's competitors.

Plaintiff now seeks to undo the contract so awarded. It charges Defendants with violations of the AAFES Procurement Manual in soliciting and awarding the subject contract. It charges Defendants with structuring the solicitation in such a manner that only one company was in a financial position to bid on it. It further charges Defendants with making certain false representations in connection with negotiations surrounding the solicitation and issuance of the contract. Plaintiff asks that the Court void the above mentioned contract issued to Plaintiff's competitor, that it require Defendants to resolicit bids which will secure full and fair competition among all bidders and that it require compliance with the AAFES Procurement Manual in the process.

Defendants have filed herein a joint Motion to Dismiss or for Summary Judgment. Defendants assert lack of jurisdiction over the subject matter of the action; that Plaintiff lacks standing to maintain the action; lack of personal jurisdiction over AAFES; and failure to state a claim upon which relief can be granted. Defendants' objections to subject matter jurisdiction are directed towards Plaintiff's allegations of jurisdiction under the Tucker Act, 28 U.S.C. § 1346. Defendants' challenge to Plaintiff's standing is directed towards Plaintiff's standing under the Administrative Procedure Act. (APA), 5 U.S.C. §§ 701–706.

## SUBJECT MATTER JURISDICTION

▮ Plaintiff's jurisdictional reliance on 28 U.S.C. § 1346 is clearly misplaced. The Tucker Act authorizes actions for money damages and not suits for equitable relief. *Richardson v. Morris,* 409

U.S. 464, 93 S.Ct. 629, 34 L.Ed.2d 647 (1973). Plaintiff seeks only equitable relief herein. It does not assert that it has a right to have the subject contract awarded to it or that it is in any way entitled to money damages. Thus, the Court has no jurisdiction by reason of 28 U.S.C. § 1346(a)(2).

### STANDING

 The Administrative Procedure Act (APA), 5 U.S.C. §§ 701–706, provides for judicial review of certain agency action. 5 U.S.C. § 702 reads as follows:

> "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."

A threshold consideration is whether the AAFES is an agency within the meaning of the above section. 5 U.S.C. § 701(b) defines agency as:

> " . . . each authority of the Government of the United States, whether or not it is within or subject to review by another agency . . "

Post exchanges were determined to be "arms of the Government" in *Standard Oil Company of California v. Johnson,* 316 U.S. 481, 62 S.Ct. 1168, 86 L.Ed. 1611 (1942) and it appears that the AAFES is nothing more than a modern day P.X. See 32 C.F.R. § 554.7. The test for determining whether an arm of the Government has sufficient authority to justify classifying it as an agency under the APA is whether the arm has the authority to act with the sanction of the Government behind it. *Lassiter v. Guy F. Atkinson Co.,* 176 F.2d 984 (Ninth Cir. 1949); *Kam Koon Wan v. E. E. Black, Limited,* 188 F.2d 558 (Ninth Cir. 1951). The AAFES acts with the sanction of the Government behind it as under the 1970 amendments to the Tucker Act, 28 U.S.C. § 1346(a)(2), an express or implied contract with the AAFES is to be considered an express or implied contract with the United States, and as under the 1970 Amendment to the Supplemental Appropriations Act, 31 U.S.C. § 724a, any judgment or compromise settlement against the United States arising out of an express or implied contract entered into by the AAFES is to be paid out of treasury funds, subject to reimbursement by the AAFES. See *W. B. Fishburn Cleaners, Inc. v. Army & Air Force Ex. Serv.,* 374 F.Supp. 162 (N.D.Tex. 1974) and *Swiff-Train Company v. United States,* 443 F.2d 1140 (Fifth Cir. 1971). Thus, the AAFES is an agency within the meaning of 5 U.S.C. § 702.

 Persons have standing to obtain judicial review of federal agency action under § 10 of the APA, 5 U.S.C. § 702, where (1) the challenged action has caused them injury in fact and (2) where the alleged injury is to an interest arguably within the zone of interest sought to be protected by a relevant statute. *Sierra Club v. Morton,* 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972); *United States v. SCRAP,* 412 U.S. 669, 93 S.Ct. 2405, 37 L.Ed.2d 254 (1973). Economic, aesthetic, conservational or recreational values may satisfy the injury in fact test. But the party seeking the review must himself be among the injured. *Sierra Club v. Morton, supra.* A plaintiff must allege that he has been or will be perceptibly harmed by the challenged agency action. *United States v. SCRAP, supra.* Unsuccessful bidders challenging the procedure whereby government agencies have awarded contracts have widely been held to have standing under 5 U.S.C. § 702. *Scanwell Laboratories, Inc. v. Shaffer,* 424 F.2d 859 (C.A.D.C. 1970); *Merriam v. Kunzig,* 476 F.2d 1233 (Third Cir. 1973); *Keco Industries, Inc. v. Laird,* 318 F.Supp. 1361 (C.A.D.C. 1970). See also cases cited in 23 A.L.R. Fed. 301. Under the above authority it appears clear that the Plaintiff meets the first prong of the standing test. It has alleged facts showing economic injury; that it held a portion of the soft drink concessions at the subject installations and that it lost its concession due to an illegal solicitation.[1]

---

1. Compare the facts of *Merriam v. Kunzig, supra,* and *W. B. Fishburn Cleaners, Inc. v. Army & Air Force Ex. Serv., supra.*

The second prong of the standing test, that the alleged injury is to an interest arguably within the zone of interests to be protected by a statute that the agency is claimed to have violated, requires that the Plaintiff point to a separate statute which imposes a duty upon the involved agency, allege a breach thereof and show that it is arguably within the zone of interests sought to be protected by that statute. Cf. *Rasmussen v. United States,* 421 F.2d 776 (Eighth Cir. 1970); *Environmental Defense Fund, Incorporated v. Hardin,* 138 U.S.App.D.C. 381, 428 F.2d 1093 (1970); *Davis v. Romney,* 490 F.2d 1360 (Third Cir. 1974).

■ Plaintiff points to 41 U.S.C. §§ 252 and 253 as being the relevant statutes herein. These statutes read in part as follows:

"§ 252(a) Executive agencies shall make purchases and contracts for property and services in accordance with the provisions of this chapter and implementing regulations of the Administrator; but this chapter does not apply—(1) to the Department of Defense . . .

\* \* \* \* \* \*

(c) All purchases and contracts for property and services shall be made by advertising, as provided in section 253 of this title, . . . "

§ 253 "Whenever advertising is required—(a) The advertisement for bids shall be made a sufficient time previous to the purchase or contract, and specifications and invitations for bids shall permit such full and free competition as is consistent with the procurement of types of property and services necessary to meet the requirements of the agency concerned."

Plaintiff contends that the AAFES is an executive agency within the meaning of 41 U.S.C. § 252(a) and that Defendants violated 41 U.S.C. § 253 in that their specifications and invitations for bids do

not provide for full and free competition. Defendants contend that the AAFES is not an executive agency within the meaning of 41 U.S.C. § 252(a) as it is part of the Department of Defense which is specifically excluded by 41 U.S.C. § 252(a)(1).

The term executive agency as used in 41 U.S.C. § 252 is defined by 40 U.S.C. § 472[2] to be:

" . . . any executive department or independent establishment in the executive branch of the Government . . . "

This is similar to the definition found in 5 U.S.C. § 105. 5 U.S.C. § 101 reads as follows:

"The Executive departments are:

The Department of State.

The Department of the Treasury.

The Department of Defense.

The Department of Justice.

The Department of the Interior.

The Department of Agriculture.

The Department of Commerce.

The Department of Labor.

The Department of Health, Education, and Welfare.

The Department of Housing and Urban Development.

The Department of Transportation."

Thus, the AAFES is not an executive department and it can only be found to be an executive agency within the meaning of 41 U.S.C. § 252 if it meets the "independent establishment" criteria of 40 U.S.C. § 472. The term "independent establishment" is not defined in the Federal Property and Administrative Services Act of 1949, however, the term is defined by 5 U.S.C. § 104 as:

" . . . an establishment in the executive branch (other than the United States Postal Service or the Postal Rate Commission) which is not an Executive department, military department, Government corporation, or part

---

**2.** The Federal Property and Administrative Services Act of 1949, Act of June 30, 1949, includes Chapter 10 of Title 40 U.S.C. and Chapter 4 of Title 41 U.S.C. See Historical Note following 40 U.S.C. § 471.

thereof, or part of an independent establishment . . . ."

The AAFES is a joint major command of the U.S. Army and the U.S. Air Force under the jurisdiction of the Chief of Staff, U.S. Army and Chief of Staff, U.S. Air Force. AAFES is the entity embracing the activities, personnel, property and nonappropriated funds through which exchange service is provided within the Army and Air Force. AR 60–10/AFR 147–7 §§ 1–5. The Secretary of Defense has vested in the Secretary of the Army and the Secretary of the Air Force all functions, powers and duties relating to exchange service activities within their respective departments. AR 60–10/AFR 147–7 §§ 1–3. Thus, it is clear that the AAFES is a part of the Departments of Army and Air Force and, hence part of the Department of Defense.[3] As AAFES is part of an Executive department, the Department of Defense, it cannot be an independent establishment within the meaning of 5 U.S.C. § 104. Moreover, in *Standard Oil Company of California v. Johnson, supra,* the Court found a post exchange, the predecessor to the modern AAFES, to be an integral part of the War Department, one of the predecessors to the Department of Defense, sharing in the duties intrusted to it and partaking of whatever immunities it may have under the Constitution and federal statutes. See also 6 C.J.S. Armed Services § 2 and cases cited therein.

In light of the above discussion the Court finds and concludes that the AAFES is not an executive agency within the meaning of 41 U.S.C. § 252(a). Moreover, if the AAFES was an executive agency within the meaning of 41 U.S.C. § 252(a), it would be excluded from the chapter's coverage by the proviso of 41 U.S.C. § 252(a)(1) pertaining to the Department of Defense. From the above discussion it is clear that the AAFES is an integral part of the Departments of the Army and Air Force. From 10 U.S.C. § 124 it is clear that the Military Departments operate under the Secretary of Defense within the Department of Defense. The exclusion of the Department of Defense by 41 U.S.C. § 252(a)(1) must be construed to mean all integral parts of the Department of Defense and it is clear that the AAFES is an integral part of that Department.[4] From this expression of purpose, the observation that the Department of Defense was excluded from the coverage of the amendments because it is covered by the Armed Services Procurement Act, and the observation that the AAFES is not covered by the Armed Services Procurement Act because it deals with nonappropriated funds, the *Fishburn* court concluded that Congress intended that the AAFES be covered by the amend-

---

**3.** In *W. B. Fishburn Cleaners, Inc. v. Army & Air Force Ex. Serv., supra,* a case cited and relied on by Plaintiff, the court found the AAFES to be an independent establishment within the definition of 5 U.S.C. § 104. That court did not however consider the above mentioned joint Army/Air Force Regulations. In light of these regulations it is clear that the AAFES is a dependent part of the Departments of Army and Air Force. The AAFES is entirely under the control of these Departments. There is nothing independent about its operations under the pertinent regulations.

It is possible that the *Fishburn* court did consider the regulations but considered, in the construction of 5 U.S.C. § 104, that the words "or part thereof" were intended to modify only "Government corporation" and not "Executive department, military department." This Court would reject such a construction. Reason dictates that if an Executive or military depart-

ment is excluded from the section's coverage, an integral part thereof would also be excluded.

**4.** In *W. B. Fishburn Cleaners, Inc. v. Army & Air Force Ex. Serv.,* supra, the court found the AAFES not to be covered by the exclusionary proviso of 41 U.S.C. § 252(a)(1). In so doing that court relied on the intent of Congress in passing the 1965 amendments to 41 U.S.C. § 252 which is expressed in H.R.No.1166, 89th Cong., 1st Sess. (1965), 2 U.S.Code Cong. and Admin.News, p. 4217 as follows.

"The primary purpose of this bill is to make the modern code of pronouncement procedures contained in title III of the Federal Property and Administrative Services Act of 1949, as amended, directly applicable by statute to executive agencies of the Government not now so covered, . . . ."

ment. Two factors preclude this Court's adoption of this construction. First, as has been previously noted, the AAFES is not an executive agency within the meaning of the Federal Property and Administrative Services Act. Second, the Congress clearly intended that its amendment not apply to the Department of Defense and the AAFES is an integral part of the Department of Defense.

It does appear that the *Fishburn* Court was correct in that Congress excluded the Department of Defense from the coverage of the 1965 amendments to 41 U.S.C. § 252 because it was already covered by the Armed Services Procurement Act, and that the AAFES is not covered by the Armed Services Procurement Act as it operates from non-appropriated funds. 10 U.S.C. § 2303. These two facts do not, however, outweigh the specific exclusion of the Department of Defense from the amendments and the fact that the AAFES is clearly a part of the Department of Defense.

It is clear that Congress recognizes the AAFES as having a unique status. In the 1970 amendments to the Tucker Act, 28 U.S.C. § 1346(a)(2) and Supplemental Appropriations Act, 31 U.S.C. § 724a the sovereign immunity of the United States with respect to certain non-appropriated fund activities was waived. House Report No. 91–933 states that:

" . . . the sovereign immunity of the United States would be removed only with respect to the post exchange types of operations which are conducted within the Defense Department and the National Aeronautics and Space Administration. These types of activities have sufficient assets to pay their own way and, as a result, your committee recommends that they be required to reimburse the United States in the event of any judgment incurred by them which is paid by the United States. As a result, in the form rec-

ommended by your committee this proposal would result in no costs to the taxpayers." United States Code Congressional and Administrative News, 91st Congress-Second Session, 1970, Vol. 2, p. 3479.

From the above it is seen that the AAFES operates with its own funds and Congress expects it to be able to pay its own way. This being the case there is no reason to suppose that Congress intended that the AAFES be required to procure goods and services in accordance with the Federal Property and Administrative Services Act of 1949.

█ Plaintiff also asserts jurisdiction under 5 U.S.C. § 704. This section reads in part as follows:

"Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review."

Plaintiff's reliance on this section as a jurisdictional basis is clearly misplaced. Reading the APA as a whole it is clear that 5 U.S.C. § 702 creates the right to judicial review and that 5 U.S.C. § 704 states what actions are reviewable. In other words, a person may be adversely affected by agency action within the meaning of a relevant statute but not be entitled to judicial review of that action unless it is made reviewable by statute or unless there is no other adequate remedy in a court. The former section creates the right and the latter section states when it may be exercised.[5]

In view of the above discussion the Court finds and concludes that Defendants' Motion to Dismiss should be sustained as Plaintiff lacks standing under the APA and the Court lacks jurisdiction under 28 U.S.C. § 1346.

It is so ordered this 24th day of September, 1975 and Plaintiff's action is hereby dismissed.

---

5. In asserting this proposition Plaintiff relies on *W. B. Fishburn Cleaners, Inc. v. Army & Air Force Ex. Serv., Inc., supra,* wherein the court indicated that 5 U.S.C. § 704 is jurisdictional in application. In so doing the *Fishburn* court relies on *Bradley v. Weinberger,* 483 F.2d 410 (First Cir. 1973). However, upon a close reading of *Bradley,* with notice to note 1, it is clear that the *Bradley* court recognizes the requirement that an aggrieved party satisfy the aforementioned two prong standing requirement of 5 U.S.C. § 702 before he is entitled to proceed under 5 U.S.C. § 704.