51 F.3d 286
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 John A. MOSIER, Plaintiff-Appellant,
v.
Gary D. MAYNARD, Director, Oklahoma Department of
Corrections, Defendant-Appellee.
 No. 91-7135.
 United States Court of Appeals, Tenth Circuit.
 March 30, 1995.
 
 Before HOLLOWAY and McKAY, Circuit Judges, and BELOT,* District Judge.
 ORDER AND JUDGMENT**
 HOLLOWAY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Mosier (plaintiff) brings this appeal from an interlocutory order of the district court. Plaintiff brought this action against defendant Maynard, Director of the Oklahoma Department of Corrections (DOC), alleging violations of his civil rights, specifically his right of free exercise of religion, by the DOC's enforcement of a "grooming code" policy. The DOC's grooming code has been the subject of much litigation, including three published opinions of this court. See Longstreth v. Maynard, 961 F.2d 895 (10th Cir.1992); McKinney v. Maynard, 952 F.2d 350 (10th Cir.1991); and Mosier v. Maynard, 937 F.2d 1521 (10th Cir.1991). Plaintiff in this case alleged that enforcement of the grooming code's provisions forbidding inmates from growing beards violated his right of religious freedom. His complaint thus raised issues very similar to those raised by the plaintiffs in the above cited cases. Accordingly, when this appeal was filed we ordered it abated pending resolution of several appeals which were decided by the opinion in Longstreth, supra.
 
 
 3
 The grooming code has been subject to several significant changes over the last few years. From at least 1986 until September 1991, the grooming code included provisions for individual inmates to be granted exemptions from the code's requirements on religious grounds. Longstreth, 961 F.2d at 898-900 & n. 5. In September 1991, the code was revised to eliminate all such exemptions. Id. Then, in January 1992, the code was revised again to reinstate religious exemptions. Id.
 
 
 4
 Plaintiff commenced this action on November 15, 1991, after the DOC implemented the policy doing away with all religious exemptions to the grooming code. In his complaint plaintiff alleged that he had been granted an exemption from the prohibition of beards in 1988 based on his adherence to Orthodox Jewish beliefs. He alleged that the revocation of the religious exemptions to the grooming code infringed his right of free exercise of his religious beliefs. Plaintiff filed a motion for preliminary and permanent injunctive relief with his complaint. The district court on November 21, 1991, issued an order striking all pending motions without prejudice to refiling and requiring the appropriate DOC officials to prepare a "Martinez report." (See Martinez v. Aaron, 570 F.2d 317 (10th Cir.1978).) Plaintiff commenced this appeal from that order.
 
 
 5
 Plaintiff's notice of appeal, which identified the district court's November 21 order by summarizing the court's rulings, suggests that plaintiff intended to appeal all portions of the order. Insofar as plaintiff attempts to appeal the court's order for the preparation of a Martinez report by the defendants, that aspect of the district court's order is neither final nor subject to any exception to the requirement of finality; consequently, we lack jurisdiction to review that ruling. Plaintiff's notice of appeal also cites the denial of his request for a temporary restraining order. It has long been the general rule that the denial of a temporary restraining order is not appealable. Woods v. Wright, 334 F.2d 369, 373 (5th Cir.1964). Thus only that portion of the district court's order which struck plaintiff's motion for temporary and permanent injunctions was immediately appealable. As previously noted, we ordered proceedings in this appeal abated pending the resolution of similar issues raised in various appeals which were decided by our opinion in Longstreth.
 
 
 6
 Because the instant appeal was taken from an interlocutory order, the district court's jurisdiction was not lost due to the pendency of this appeal. On August 23, 1994, the district court entered a final order dismissing this action as moot as a result of this court's rulings in Longstreth. No appeal was taken from that order. Consequently, it is apparent that this matter has become moot due to the failure to appeal from the final order of dismissal.
 
 
 7
 Accordingly, this appeal is hereby DISMISSED as moot. The mandate shall issue forthwith.
 
 
 
 *
 Honorable Monti L. Belot, United States District Judge for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470